THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POLSKIE LINIE LOTNICZE LOT S.A., | Case No. 21-cv-1449-RSM |
| Plaintiff, | **JOINT STATUS REPORT AND DISCOVERY PLAN** |
| vs. | |
| THE BOEING COMPANY, | |
| Defendant. | |

Pursuant to the Court's Order of November 1, 2021 (Dkt. #5), Federal Rule of Civil Procedure ("FRCP") 26(f), and Local Civil Rule ("LCR") 26(f), counsel of record for Plaintiff POLSKIE LINIE LOTNICZE LOT S.A. ("LOT"), Anthony U. Battista, Evan Kwarta, and Mirin Park, and counsel of record for Defendant THE BOEING COMPANY ("Boeing"), Ulrike B. Connelly and Michelle L. Maley, met and conferred at a virtual FRCP 26(f) discovery conference on January 3, 2022, and submit the following as their Joint Status Report and Discovery Plan.

1. **Nature and complexity of the case:**

**Plaintiff's Statement:** This is a complex case involving a dispute arising out of LOT's acquisition of Boeing's 737 MAX aircraft. LOT asserts causes of action for fraudulent misrepresentation, negligent misrepresentation, fraudulent omission, unilateral and mutual

mistake, rescission, tortious interference with contractual and business expectancies, breach of implied warranties, and violations of the Washington Product Liability Act, RCW 7.72 *et seq.* and the Washington Consumer Protection Act, RCW 19.86 *et seq.*  LOT alleges that Boeing misrepresented and withheld information from LOT regarding the design, performance, airworthiness, and safety of 737 MAX aircraft.  LOT seeks an award of monetary damages and an award of legal fees and costs.

**Defendant's Statement**: LOT's claims are the subject of Boeing's Motion to Dismiss filed December 10, 2021. *See* Dkt. #28. Boeing believes that the Motion will significantly narrow the scope of this dispute, where the Motion seeks dismissal of all LOT's claims, including some of the same claims the Court dismissed in a related matter, *Wilmington Trust Company v. The Boeing Company*, No. 2:20-cv-00402-RSM. *See* 2021 WL 754030 (W.D. Wash. Feb. 26, 2021) (dismissing plaintiffs' claims under the Washington Consumer Protection Act and the Washington Product Liability Act).

**2. Proposed deadline for joining additional parties:** The parties propose a deadline of August 1, 2022, to join any additional parties.

**3. Discovery plan.**

**A. Initial disclosures:** The parties exchanged FRCP 26(a) initial disclosures on January 24, 2022. The parties agree that the initial disclosures, specifically the identity of witnesses and documentary evidence, may need to be supplemented as discovery in this case progresses.

B.      **Subjects, timing, and potential phasing of discovery:**

The parties propose that discovery be conducted in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules for the Western District of Washington. The parties have not yet exchanged any discovery in this case.

**Plaintiff's Position:** It is LOT's position that discovery should begin immediately. Notwithstanding that the Court dismissed some of the claims asserted in the *Wilmington Trust* matter, several *Wilmington Trust* claims that LOT also asserted here survived Boeing's motion to dismiss.  There are several additional reasons why discovery should begin immediately. *First*, unlike the *Wilmington Trust* case, which related to a single business-use aircraft, this action concerns more than one dozen, leased, commercial-use aircraft, and accordingly, the factual differences likely require a different approach to discovery.  *Second*, the *Wilmington Trust* plaintiff relied on Boeing's misrepresentations to the public at large, whereas LOT has demonstrated in its Complaint (Dkt. #1) and Opposition to Boeing's Motion to Dismiss (Dkt. #29) that Boeing knowingly made material misrepresentations and omissions directly to LOT, in addition to the false statements that Boeing made to the public at large.  *Third*, virtually all of LOT's causes of action relate to the same set of facts and, thus, discovery on one cause of action would be the same as discovery for the other eleven.

Finally, the Federal Rules do not support an automatic stay when a defendant files a motion to dismiss, and Boeing has not shown sufficient good cause here to depart from that rule. In short, there should be every expectation that discovery will take place in this case, and there is no reason for that discovery to be delayed apart from Boeing's concern that LOT will learn additional details of its tortious conduct.

The initial subjects of LOT's discovery of Boeing, as well as non-parties, include: Boeing's internal policies and procedures; Boeing's development of 737 MAX aircraft; Boeing's conduct during the certification of the 737 MAX; Boeing's development and implementation of MCAS in 737 MAX aircraft; Boeing's marketing and representations to LOT and other

customers; Boeing's knowledge with regard to the claims asserted in the Complaint; communications between Boeing and LOT, and the basis of those communications; Boeing's internal communications regarding sales and leasing of 737 MAX aircraft to LOT and others; Boeing's Deferred Prosecution Agreement and admissions therein; expert opinions offered by Boeing; and any defenses and/or counterclaims Boeing asserts.

**Defendant's Position:** As an initial matter, Boeing disputes both the substance of, and the factual characterizations supporting, Plaintiffs' opposition to staying discovery. No current dispute exists before the Court about whether discovery should proceed; no party, in fact, has propounded any discovery whatsoever. While LOT claims Boeing has not "shown good cause," the "good cause" standard is wholly irrelevant to the parties' FRCP 26(f) proposals for a reasonable schedule. Boeing will respectfully defer briefing on discovery issues until a dispute is ripe, and it will address LOT's inaccurate and misleading assertions at that appropriate time.

Generally, however, Boeing believes that the most, if not all, of the subjects of any discovery requests cannot be determined until after the Court rules on Boeing's pending Motion to Dismiss. That Motion seeks dismissal of all LOT's claims, including claims under the Washington Consumer Protection Act and the Washington Product Liability Act, which are substantially similar to those the Court dismissed in the related *Wilmington Trust* matter. *See* 2021 WL 754030. Because the Court's ruling on Boeing's Motion is likely to significantly narrow the scope of the case and subjects of discovery, Boeing proposes that the Court defer discovery until the Court rules on Boeing's Motion to Dismiss. Boeing also proposes that discovery of electronically stored information ("ESI") be deferred until after the Court rules on Boeing's Motion to Dismiss, so that one set of electronic search terms and protocols can be used for all discovery. This is the same approach that this Court adopted in *Wilmington Trust*. *See* 2020 WL 6161434 (Oct. 14, 2020) (directing the parties to limit discovery pending a ruling on Boeing's motion to dismiss).

**C.    Electronically stored information:** LOT's position is that this case will involve extensive discovery of ESI.  Boeing's position is that if any of LOT's claims are dismissed, the scope of discovery in general, and the use of ESI in particular, will be significantly reduced. The parties intend to negotiate an agreement regarding management and discovery of ESI, modified from the Western District of Washington Model Agreement, and will seek entry of that agreement once finalized.

**D.    Privilege issues:** The parties agree a protective order is appropriate for this case and are discussing proposed modifications to the Model Protective Order, including the content and timing of privilege logs and procedures to address any inadvertent disclosure of privileged or otherwise non-discoverable information or documents. The parties expect to agree to a provision for "claw back" of privileged materials or information inadvertently produced or disclosed by a party or by a third party, as provided by Federal Rule of Evidence 502.

**E.    Proposed limitations on discovery:** LOT anticipates that this case will necessitate extensive discovery, including the use of more interrogatories and depositions than the FRCP generally allows. Accordingly, LOT will seek permission to take more than the allowable number of depositions, to propound more than the allowable number of interrogatories, and perhaps to otherwise alter the limitations on discovery imposed by the FRCP.  Boeing's position is that it will not be necessary to take more than the allowable number of depositions, to propound more than the allowable number of interrogatories, or to otherwise alter the limitations on discovery imposed by the Federal Rules.

**F.    Need for any discovery related orders:** The parties intend to cooperate on discovery to the extent possible. The parties are currently negotiating the form of orders to govern disclosure and production of ESI and privilege issues.

**4.     Consent to Proceeding Before Magistrate Judge:** LOT consents to the assignment of a Magistrate Judge only for the purposes overseeing discovery and discovery disputes.

Boeing notes that this case has already been assigned to Chief Judge Martinez without a magistrate judge assignment. *See* Dkt. #12 & #21.

**5.     Parties' views, proposals, and agreements:**

    **A.     Prompt case resolution:** The parties require adequate time to engage in discovery, including expert discovery. The parties agree that they will consider alternative dispute resolution and settlement before the close of discovery, so long as both parties feel that sufficient discovery has been completed so as to make ADR or a settlement conference meaningful.

    **B.     Alternative dispute resolution:** LOT agrees to mediation before either a Rule 39.1 mediator or a private mediator after preliminary discovery has been exchanged. Boeing is not opposed to mediating the case, but Boeing believes that mediation would be more productive after the Court rules on the pending Motion to Dismiss and the parties have exchanged preliminary discovery.

    **C.     Related cases:** Boeing has marked the following as related cases.

       i.     ***Smartwings, A.S. v. The Boeing Company***

          Case No. 2:21-cv-00918-RSM
          Presiding Judge: The Honorable Ricardo S. Martinez

       ii.     ***Timaero Ireland Limited v. The Boeing Company***

          Case Number: 2:21-cv-00488-RSM
          Presiding Judge: The Honorable Ricardo S. Martinez

**D.    Discovery management:** The parties intend to manage the discovery process in accordance with the FRCP and LCR. Topics regarding management of discovery listed in LCR 26(f)(1) are as follows:

i.    **Foregoing or limiting depositions or exchanging documents informally:** The parties do not anticipate foregoing or limiting depositions or formal written discovery, including requests for production of documents. The parties do not expect to engage in any informal exchanges of discoverable documents. LOT anticipates that the complexity of the case, particularly the technical complexity of 737 MAX aircraft and MCAS, and the number of potential witnesses and document custodians involved in the development, sale, and leasing of 737 MAX, will require the parties to depart from the presumptive limits on the number of allowable search terms and the volume of search term hits in the Western District's Model Agreement. Boeing does not believe that this case is sufficiently complex to warrant deviating from the presumptive limits in the Western District's Model Agreement, and Boeing's position is that any disputes on that front should be deferred until after the Court rules on the pending Motion to Dismiss.

ii.    **Agreeing to share discovery from third parties and the cost of obtaining that discovery:** The parties agree to produce to each other any relevant documents obtained from third parties through subpoenas. The parties do not agree to cost sharing arrangements at this time, but they do recognize that such an arrangement might later be appropriate depending on future circumstances. Should the issue arise, the parties intend to meet and confer to reach agreement on cost sharing.

iii.    **Scheduling discovery or case management conferences with the judge assigned to the case as necessary:**

**Plaintiff's Position:** As set forth above, LOT requests that the Court appoint a Magistrate Judge to oversee discovery due the ongoing delays in Boeing's document productions in the *Wilmington Trust* case.

**Defendant's Position:** Boeing does not believe that appointment of a Magistrate Judge as a discovery master is necessary. Most fundamentally, neither party has issued any discovery and no disputes have arisen. In addition, a Rule 26(f) report is an inappropriate vehicle to propose modifications to standard procedures based on disputed characterizations of discovery in a different and now-dismissed case.

iv.      **Presenting discovery disputes to the Court by informal means:** The parties believe that the Expedited Joint Motion Procedure in Local Rule 37(a)(2) and/or the telephonic motion procedure in Local Rule 7(i) may be appropriate for presentation of certain discovery disputes in the event the parties are not able to resolve such disputes by agreement.

v.      **Requesting the assistance of a magistrate judge for settlement conferences:** The parties agree to consider scheduling a settlement conference before a magistrate judge at some future date.

vi.      **Requesting use of an abbreviated pretrial order:** The parties do not request use of an abbreviated pretrial order.

vii.      **Other orders the court should enter under LCRs 16(b) and 16(c):** The parties do not expect to request any such orders.

E.      **Anticipated discovery sought:**

(i)      <u>LOT's anticipated discovery.</u> LOT anticipates discovery will include, but will not be limited to: Boeing's internal policies and procedures; Boeing's development of 737 MAX aircraft; Boeing's conduct during the certification of the 737 MAX; Boeing's development and implementation of MCAS in 737 MAX aircraft; Boeing's marketing and representations to LOT and other customers; Boeing's knowledge with regard to the claims asserted in the Complaint; communications between Boeing and LOT, and the basis of those communications; Boeing's internal communications regarding sales and leasing of 737 MAX aircraft to LOT and others; Boeing's Deferred Prosecution Agreement and admissions thereto; expert opinions offered by Boeing; and any defenses and/or counterclaims Boeing asserts.

(ii)   <u>Boeing's anticipated additional discovery</u>. Boeing's position is that the Motion to Dismiss will significantly narrow the scope of this dispute, where the Motion seeks dismissal of all LOT's claims, including some of the same claims the Court dismissed in the *Wilmington Trust* matter. *See* 2021 WL 754030. For that reason, Boeing proposes that the Court defer discovery, including discovery of ESI, until the Court rules on the Motion to Dismiss.

(iii)   <u>Scope of permissible discovery</u>. LOT and Boeing have not reached agreement on the proper subjects or scope of discovery, and they anticipate that those issues will require that the parties meet and confer regarding discovery as it proceeds.

**F.      Phasing motions:** LOT believes that phased motion practice is not necessary or appropriate in this case. Boeing believes that its Motion to Dismiss should be decided prior to the commencement of discovery and initiation of other motion practice.

**G.      Preservation of discoverable information:** The parties have confirmed that their clients have taken appropriate measures to preserve relevant and discoverable information and documents.

**H.      Privilege issues:** *See* Paragraph 3(D) above.

**I.      Model Protocol for Discovery of ESI:** *See* Paragraph 3(C) above.

**J.      Alternatives to Model Protocol:** *See* Paragraph 3(C) above.

**6.      Date by which discovery can be completed**: LOT proposes March 15, 2023. Boeing proposes twelve months after the Court rules on the pending Motion to Dismiss.

**7.      Whether case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way:** No, the parties do not contend that bifurcation will be necessary.

**8.      Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy:** No, the parties contend that a pretrial statement and pretrial order will be useful to the parties in organizing the case, witness testimony, and exhibits.

**9.      Whether the parties intend to utilize the Individualized Trial Program set forth in LCR 39.2 or any ADR options as set forth in LCR 39.1:** The parties agree not to use the Individualized Trial Program and agree to use either a LCR 39.1 mediation or a private mediator.

**10.      Any other suggestions for shortening or simplifying the case:** LOT has none at this time.  Boeing believes that its Motion to Dismiss, if granted, will shorten and simplify the case.

**11.      The date the case will be ready for trial:**

**Plaintiff's Position.** LOT proposes the below discovery, trial preparation, and trial deadlines. LOT contends that the initiation of discovery should not await this Court's resolution of Boeing's motion to dismiss. First, the Federal Rules of Civil Procedure neither require nor warrant a stay of discovery. Moreover, Court already has denied dismissal of similar claims against Boeing arising from nearly identical facts. *See Wilmington Trust Co.*, 2021 WL 754030. In addition, Boeing most likely already has gathered and produced discovery in other cases that it would produce here, meaning that it is unlikely to incur any additional expense by beginning discovery. Similarly, Boeing has gathered and produced a significant volume of evidence in connection with several U.S. and foreign government investigations into the 737 MAX crisis that also could produced here at little to no expense.

Further, most of LOT's claims rely on identical discovery.  For example, its three claims for misrepresentation, its claim for rescission, its claim for unilateral mistake, its two claims for breach of warranty, its claim for the violation of the WCPA, and its two tortious interference (*i.e.*, ten of its twelve claims) will involve identical or nearly identical discovery relating to Boeing's knowingly made material misrepresentations and omissions.  LOT's claim for mutual mistake also will involve discovery relating to Boeing's knowledge of the falsity of its misrepresentations.  LOT does not seek cloned discovery; however, based on the fact that Boeing already has compiled most of this discovery for other cases and government investigations, and

that virtually all of LOT's claims will require identical discovery, LOT contends that delaying

discovery would be inefficient and would reduce the likelihood of settlement.

Finally, with respect to pre-trial deadlines, LOT notes that Boeing's proposed pre-trial

schedule is compressed and would prejudice LOT because LOT will take far more discovery

from Boeing than vice versa.

| JURY TRIAL DATE | July 31, 2023 |
|---|---|
| Length of Trial | 10-15 days |
| Deadline for joining additional parties | August 1, 2022 or seven months after the initiation of discovery |
| Deadline for amending pleadings | August 1, 2022 or seven months after the initiation of discovery |
| Deadline for filing fact discovery motions | October 31, 2022 or nine months after the initiation of discovery |
| Fact discovery completion | November 30, 2022 or ten months after the initiation of discovery |
| Disclosure of initial expert testimony under FRCP 26(a)(2) | December 30, 2022 or one month after the close of fact discovery |
| Disclosure of rebuttal of expert reports | January 31, 2023 or one month after the disclosure of initial expert reports |
| Expert discovery deadline | March 15, 2023 or six weeks after the disclosure of rebuttal expert reports |
| All dispositive motions must be filed by | April 14, 2023 or one month after the expert discovery deadline |
| Mediation per LCR 39.1(c)(3), if requested by the parties, held no later than | April 28, 2023 |
| All motions in limine must be filed by | June 1, 2023 |
| Agreed pretrial order due | June 22, 2023 |

| Trial briefs, proposed voir dire questions, jury instructions, neutral statement of the case, and trial exhibits due | June 30, 2023 |
|---|---|

**Defendants' Position.** Boeing contends that discovery should start *after* the Court rules on Boeing's pending Motion to Dismiss, which may significantly narrow the scope of this dispute. Deferring discovery until that ruling will ensure that the parties efficiently plan for and engage in discovery. Boeing disagrees with LOT that "virtually all of LOT's claims will require identical discovery." First, cloned discovery is disfavored by courts, and there is no reason it would be appropriate here. *Wilmington Trust*, Dkt. No. 39 at 4, No. 2:20-cv-0402-RSM-MAT (July 20, 2020); *King Cnty. v. Merrill Lynch & Co.*, No. C10-1156-RSM, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) (Martinez, J.) (rejecting cloned discovery). Especially here, productions related to the MCAS feature of the 737MAX previously made in other cases or to government agencies addressed different claims, different date ranges, and implicated different privilege and confidentiality issues. In short, and contrary to LOT's speculation, there is no easy "copy and paste" set of discovery materials available to Boeing. Boeing cannot simply reproduce a million-plus documents produced in other cases without reviewing them for relevance in this case. *Accord Wilmington Trust*, Dkt. No. 56 at 6, No. 2:20-cv-0402-RSM-MAT (Oct. 14, 2020).

Second, LOT has advanced twelve independent claims, each grounded in different areas of substantive law, and that will turn on different facts. For instance, to prevail on its mistake, rescission, or implied warranty claim (Claims 4 through 8), LOT will have to prove that it entered into a contract with Boeing (it did not). On the other hand, to prove its fraud claims (Claims 1 through 3), LOT will have to show, among other things, that Boeing knowingly made a fraudulent statement to LOT regarding the 737 MAX (it did not). Because the underlying issues significantly vary among LOT's numerous claims, as will the discovery related to each, the Court should first determine which claims will remain in the case before discovery advances. This is particularly appropriate given that the Court, in the related *Wilmington Trust* case, has already

dismissed certain claims that are nearly identical to LOT's WCPA and WPLA claims. *See* 2021 WL 754030.

As this Court recently proposed in the similar *Smartwings* matter, it may be most efficient to resolve Boeing's Motion to Dismiss first, and then have the parties submit a revised proposed case schedule shortly thereafter.

But at this point, Boeing proposes the following discovery and trial preparation deadlines that are based on the date of the order resolving the Motion to Dismiss.

| Case Event | Deadline |
|---|---|
| Deadline for joining additional parties | August 1, 2022 |
| Deadline for amending pleadings | August 1, 2022 |
| Deadline for disclosing expert testimony (i.e., opening reports) | 60 days after fact discovery closes<br>*Rebuttal reports, if any, due 30 days later*<br>*Replies, if any, due 30 days thereafter* |
| Deadline for filing fact discovery motions | 30 days before fact discovery completion |
| Fact discovery completion | 12 months from decision on MTD |
| All dispositive motions must be filed by | 30 days after expert discovery completion |
| Mediation per LCR 39.1(c)(3), if requested by the parties, held no later than | 75 days after expert discovery completion |
| All motions in limine must be filed by | 90 days after expert discovery completion |
| Agreed pretrial order due | 110 days after expert discovery completion |
| Trial briefs, proposed voir dire questions, jury instructions, neutral statement of the case, and trial exhibits due | 115 days after expert discovery completion |
| Trial (10-15 days; more if MTD fully denied) | 120 days after expert discovery completion |

**12.    Whether the trial will be jury or non-jury:** LOT made a jury trial demand in its Complaint (Dkt. #1) in accordance with LCR 38(b).

**13.    The number of trial days required:** LOT proposes 10-15 court days. Boeing agrees with that estimate in the event the Court partially grants the pending Motion to Dismiss. Boeing anticipates that additional trial days would be required if the case goes to trial on all

causes of action pleaded.

14.   **The names, addresses, and telephone numbers of all trial counsel.**

A. **Plaintiff LOT's trial counsel:**

Anthony U. Battista (abattista@condonlaw.com)
Diana Gurfel (dgurfel@condonlaw.com)
Evan Kwarta (ekwarta@condonlaw.com)
Mary Dow (mdow@condonlaw.com)
7 Times Square, 18th Floor
New York, New York 10036
Phone: (212) 490-9100

Mirin Park (mpark@condonlaw.com)
600 Stewart Street, Suites 300 & 400
Seattle, Washington 98101
Phone: (206) 338-4240

**B.  Defendant Boeing's trial counsel:**

> Steve Y. Koh (SKoh@perkinscoie.com)
> Eric B. Wolff (EWolff@perkinscoie.com)
> Ulrike B. Connelly (UConnelly@perkinscoie.com)
> Gregory F. Miller (GMiller@perkinscoie.com)
> Michelle L. Maley (MMaley@perkinscoie.com)
> 1201 Third Avenue, Suite 4900
> Seattle, Washington 98101-3099
> Phone: (206) 359-8000

**15.    The dates on which the trial counsel may have complications to be considered in setting a trial date:** None at this time.

**16.    If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures:** The sole defendant at this time, *i.e.*, Boeing, has been served.

**17.    Whether any party requests a pretrial FRCP 16 conference with the Judge before entry of any order under Rule 16 or setting the schedule in the case:** None at this time.

**18.    List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to FRCP 7.1 and LCR 7.1:** LOT filed its disclosure statement on October 25, 2021 (Dkt. #2) and Boeing filed its disclosure statement on November 4, 2021 (Dkt. #16).

Dated:  January 31, 2022

CONDON & FORSYTH LLP

By:  /s/ Mirin Park

Mirin Park, Bar No. 57983
600 Stewart Street, Suites 300 & 400
Seattle, Washington 98101
Phone: (206) 338-4240
Facsimile: (206) 338-4240
Email: mpark@condonlaw.com

Anthony U. Battista (admitted *pro hac vice*)
Diana Gurfel (admitted *pro hac vice*)
Evan Kwarta (admitted *pro hac vice*)
Mary Dow (admitted *pro hac vice*)
7 Times Square, 18th Floor
New York, New York 10036
Phone: (212) 490-9100
Facsimile: (212) 370-4453
Email: abattista@condonlaw.com
Email: dgurfel@condonlaw.com
Email: ekwarta@condonlaw.com
Email: mdow@condonlaw.com

Attorneys for Plaintiff
*POLSKIE LINIE LOTNICZE LOT S.A.*

- and -

PERKINS COIE LLP

By:  /s/ Ulrike B. Connelly

Steve Y. Koh, Bar No. 23284
Eric B. Wolff, Bar No. 43047
Ulrike B. Connelly, Bar No. 42478
Gregory F. Miller, Bar No. 56466
Michelle L. Maley, Bar No. 51318
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Facsimile: (206) 359-9000
Email: SKoh@perkinscoie.com
Email: EWolff@perkinscoie.com
Email: UConnelly@perkinscoie.com
Email: GMiller@perkinscoie.com
Email: MMaley@perkinscoie.com

Attorneys for Defendant
*THE BOEING COMPANY*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on January 31, 2022, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicted on the Court's Electronic Mail Notice List.

Dated:  January 31, 2022

/s/ Mirin Park
Mirin Park