THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POLSKIE LINIE LOTNICZE LOT S.A., <br><br> Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, <br><br> Defendant. | No. 2:21-cv-01449-RSM <br><br> STIPULATED PROTECTIVE ORDER AND ORDER <br><br> NOTED FOR CONSIDERATION: MARCH 29, 2022 |

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, export controlled, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Protective Order is consistent with Local Civil Rule 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. DEFINITIONS

2.1 "Confidential Information." "Confidential Information" shall include the following documents and tangible things produced or otherwise exchanged: (a) information prohibited from

disclosure by statute; (b) non-public information about Boeing airplane sales and servicing contracts; (c) non-public information about the design, manufacturing, certification, marketing, sale, delivery, and performance of Boeing airplanes; (d) non-public information about revenue, pricing, profitability, loss, or competition-sensitive material; and (e) non-public personal information of individuals, including medical information, tax information, and personnel records. Information or documents that are available to the public may not be designated as Confidential, except documents that are Export Controlled Information. In the event either party produces documents designated as Confidential that the other believes do not fall within one of the above categories, the parties will meet and confer to confirm the propriety of the designation or the necessity of proposing an amendment to this Protective Order.

2.2     "Attorneys' Eyes Only Information." As used in this Order, "Attorneys' Eyes Only Information" means those documents containing information that the producing party reasonably believes to be so highly sensitive that it could cause it significant competitive harm if revealed to an employee of the receiving party. Attorneys' Eyes Only Information could include highly sensitive strategic corporate information related to financial or pricing information, information about confidential third-party agreements, revenue, profit, or loss information, or highly sensitive competition-related information. Attorneys' Eyes Only Information shall not include any information that has been made public or that is legitimately subject to public disclosure. The parties agree to take care, when reviewing families of documents, to designate as Attorneys' Eyes Only, solely the individual documents or information that are entitled to that designation and to cooperate to promptly correct any over-designation. All Attorneys' Eyes Only Information is also Confidential Information.

2.3     "Export Controlled Information." As used in this Order, "Export Controlled Information" means information, technical data, and/or technology that is subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730.1, *et seq.*, and/or the International Traffic in Arms Regulations, which implement the Arms Export Control

Act ("ITAR"), 22 C.F.R. §§ 120.1, *et seq*. Export Controlled Information may or may not also be Confidential Information.

3.   SCOPE

The protections conferred by this Protective Order cover not only Confidential Information, Attorneys' Eyes Only Information, and Export Controlled Information (as defined above), but also (1) any information copied or extracted from Confidential Information, Attorneys' Eyes Only Information, or Export Controlled Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information, Attorneys' Eyes Only Information, or Export Controlled Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Information, Attorneys' Eyes Only Information, or Export Controlled Information. However, the protections conferred by this Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise, with the exception of Export Controlled Information.

4.   ACCESS TO AND USE OF DESIGNATED INFORMATION

4.1   Basic Principles. A receiving party may use Confidential Information, Attorneys' Eyes Only Information, or Export Controlled Information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Information, Attorneys' Eyes Only Information, and Export Controlled Information may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Confidential Information, Attorneys' Eyes Only Information, and Export Controlled Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

4.2   Disclosure of Confidential Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential Information only to:

      (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

      (b)    the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the document or material is designated Attorneys' Eyes Only, in which event such document or material may be disclosed only to in-house litigation counsel employed by the receiving party and who have been previously disclosed to the disclosing party, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), but not to other officers, directors, or employees of the receiving party, *see infra* ¶ 4.3;

      (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided, however, that Confidential Information may be disclosed only to an expert or consultant who is not an aircraft or aircraft part customer, supplier, or competitor of the designating party, unless a court order is obtained permitting such disclosure;

      (d)    the Court, court personnel, and court reporters and their staff;

      (e)    copy, imaging, or e-discovery services retained by counsel to assist in the processing of Confidential Information, provided that counsel for the party retaining those vendors instructs the service not to disclose any Confidential Information to non-parties and to immediately destroy or return all originals and copies of any Confidential Information upon the conclusion of the above-captioned action, pursuant to the destruction protocol addressed in Paragraph 10 below;

      (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3  Disclosure of Attorneys' Eyes Only Information. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Attorneys' Eyes Only Information only to those non-parties or entities identified in Paragraph 4.2(a) and (c)-(g), as well as in-house counsel subject to the limitations and requirements set forth in Paragraph 4.2(b).

4.4  Disclosure of Export Controlled Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Export Controlled Information only to the non-parties or entities identified in Paragraph 4.2(a)-(g), provided that no person who is not lawfully able to review Export Controlled Information shall be allowed to review Export Controlled Information.

4.5  Filing Confidential Information. Before filing Confidential Information, Attorneys' Eyes Only Information, or Export Controlled Information or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the Confidential, Attorneys' Eyes Only, or Export Controlled Information designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must specifically identify the basis for sealing the specific Confidential, Attorneys' Eyes Only, or Export Controlled Information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion

STIPULATED PROTECTIVE ORDER
AND [PROPOSED] ORDER – 5
(No. 2:21-cv-01449-RSM)

92422996

to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    Manner and Timing of Designations. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, disclosure or discovery of material that qualifies for protection under this Protective Order must be clearly designated as such before or when the material is disclosed or produced.

    (a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings) The designating party must affix the words "CONFIDENTIAL, W.D. Wash. Case No. 2:21-cv-01449-RSM" to each page that contains Confidential Information; "ATTORNEYS' EYES ONLY, W.D. Wash. Case No. 2:21-cv-01449-RSM" to each page that contains Attorneys' Eyes Only

STIPULATED PROTECTIVE ORDER
AND [PROPOSED] ORDER – 6
(No. 2:21-cv-01449-RSM)

Information; "EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. 2:21-cv-01449-RSM" to each page that contains Export Controlled Information; "ATTORNEYS' EYES ONLY AND EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. 2:21-cv-01449-RSM" to each page that contains both Attorneys' Eyes Only Information and Export Controlled Information; and "CONFIDENTIAL AND EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. 2:21-cv-01449-RSM" to each page that contains both Confidential Information, Attorneys' Eyes Only Information, and Export Controlled Information. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings:</u> The parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within 45 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential, Attorneys' Eyes Only, and/or Export Controlled Information. If a party or non-party desires to protect Confidential, Attorneys' Eyes Only, and/or Export Controlled Information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items:</u> The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL, W.D. Wash. Case No. 2:21-cv-01449-RSM"; "ATTORNEYS' EYES ONLY, W.D. Wash. Case No. 2:21-cv-01449-RSM"; "EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. 2:21-cv-01449-RSM"; "ATTORNEYS' EYES ONLY AND EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. 2:21-cv-01449-RSM"; or "CONFIDENTIAL AND EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. 2:21-cv-01449-RSM." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

STIPULATED PROTECTIVE ORDER
AND [PROPOSED] ORDER – 7
(No. 2:21-cv-01449-RSM)

92422996

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items (*e.g.*, corrected shortly after the inadvertent failure was brought to the designating party's attention) does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order.

6.      CHALLENGING CONFIDENTIAL, ATTORNEYS' EYES ONLY, OR EXPORT CONTROLLED INFORMATION DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of Confidential, Attorneys' Eyes Only, or Export Controlled Information at any time. Unless a prompt challenge to a party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding designations without court involvement. Any motion regarding designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants of the conference. A good faith effort to confer requires a face-to-face meeting or a video or telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain the designation under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

STIPULATED PROTECTIVE ORDER
AND [PROPOSED] ORDER – 8
(No. 2:21-cv-01449-RSM)

92422996

other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as designated until the Court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL, W.D. Wash. Case No. 2:21-cv-01449-RSM"; "ATTORNEYS' EYES ONLY, W.D. Wash. Case No. 2:21-cv-01449-RSM"; "EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. 22:21-cv-01449-RSM"; "ATTORNEYS' EYES ONLY AND EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. 2:21-cv-01449-RSM"; or "CONFIDENTIAL AND EXPORT CONTROLLED INFORMATION, W.D. Wash. Case No. 2:21-cv-01449-RSM," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose designated material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential, Attorneys' Eyes Only, or Export Controlled Information to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material or ensure their destruction, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and

(d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

9.1 <u>Inadvertent Production of Privileged or Protected Material.</u> The parties recognize that certain Confidential or other material relevant to the claims and defenses in this action may be protected by, and subject to, a claim of privilege or similar protection. Pursuant to Federal Rule of Evidence 502(d), if, in connection with this action, a producing party inadvertently produces or discloses information subject to any privilege or similar protection ("Inadvertently Produced Information"), such disclosure or production shall be without prejudice to the producing party's claim that such information is privileged or protected, and no producing party shall be held to have waived any rights by such inadvertent production or disclosure, so long as the producing party promptly provides notice to all parties of the production of Inadvertently Produced Information after learning of that production. Within five business days of providing notice, the producing party shall provide privilege log entry/entries covering such Inadvertently Produced Information. Specifically, the provisions of Federal Rule of Evidence 502(b)(2) and (b)(3) are inapplicable to the production of Inadvertently Produced Information in this action. Once a producing party provides the notice to the other parties regarding the production of Inadvertently Produced Information, the other parties shall: (i) promptly return the Inadvertently Produced Information along with all duplicates in paper form, (ii) remove any electronic version of the Inadvertently Produced Information from their electronic databases, (iii) provide a certification of counsel that all such Inadvertently Produced Information has been returned or destroyed, and (iv) not duplicate the Inadvertently Produced Information or distribute it by any means other than returning it to the producing party (if needed). Nothing in this paragraph or order curtails a party's right to challenge the propriety of a designation or privilege assertion with the Court, or to assert that the holder of

the privilege failed to take reasonable steps to prevent disclosure or failed to promptly take reasonable steps to rectify the error.

9.2 Receipt of Inadvertently Produced Information. If a party receives Confidential or other material that reasonably appears to be subject to a privilege or protection and to have been provided through inadvertence, the receiving party must refrain from examining the Confidential or other material any further and shall promptly notify the producing party in writing that the party possesses it.

9.3 Description of Inadvertently Produced Information. In connection with any motion or dispute before the Court regarding the designation of Confidential or other material as subject to a privilege or protection, nothing in this Order shall prohibit any party from describing such Confidential or other material in such a manner as does not violate the privilege or protection.

10. NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must certify the secure destruction of all Confidential, Attorneys' Eyes Only, or Export Controlled Information to the producing party, including all copies, extracts, and summaries thereof.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential, Attorneys' Eyes Only, or Export Controlled Information.

The confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

1   IT IS SO STIPULATED by and between the parties.

2   DATED: March 29, 2022

3   By: s/ Mirin Park                     By: s/ Ulrike B. Connelly

4   Mirin Park, WSBA No. 57983            Steve Y. Koh, WSBA No. 23284
                                          Eric B. Wolff, WSBA No. 43047
    **Condon & Forsyth LLP**              Ulrike B. Connelly, WSBA No. 42478
    600 Stewart Street                    Gregory F. Miller, WSBA No. 56466
    Suites 300 & 400                      Michelle L. Maley, WSBA No. 51318
    Seattle, Washington 98101
    Email: mpark@condonlaw.com            **Perkins Coie LLP**
                                          1201 Third Avenue, Suite 4900
    Anthony U. Battista (*pro hac vice*)  Seattle, WA 98101-3099
    Diana Gurfel Shapiro (*pro hac vice*) Telephone: 206.359.8000
    Evan Kwarta (*pro hac vice*)          Facsimile: 206.359.9000
    Mary Dow (*pro hac vice*)             Email: SKoh@perkinscoie.com
                                                 EWolff@perkinscoie.com
    **Condon & Forsyth LLP**                     UConnelly@perkinscoie.com
    7 Times Square, 18th Floor                   GMiller@perkinscoie.com
    New York, New York 10036                     MMaley@perkinscoie.com
    Email: abattista@condonlaw.com
           dgurfel@condonlaw.com          *Attorneys for Defendant*
           ekwarta@condonlaw.com          *The Boeing Company*
           mdow@condonlaw.com

    *Attorneys for Plaintiff*
    *Polskie Linie Lotnicze Lot, S.A.*

STIPULATED PROTECTIVE ORDER
AND [PROPOSED] ORDER – 12
(No. 2:21-cv-01449-RSM)

92422996

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.

2  IT IS FURTHER ORDERED that pursuant to Federal Rule of Evidence 502(d) and the
3  provisions of this Order, the production of any documents in this proceeding shall not, for the
4  purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the
5  producing party of any privilege applicable to those documents, including the attorney-client
6  privilege, attorney work-product protection, or any other privilege or protection recognized by law.
7  The parties therefore need not comply with any other requirements, including those set forth by
8  Federal Rule of Evidence 502(b), in order to preserve the privilege.

9  DATED this 30th day of March, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of *Polskie Linie Lotnicze Lot S.A. v. The Boeing Company*, Case No. 2:21-CV-01449-RSM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
AND [PROPOSED] ORDER – 14
(No. 2:21-cv-01449-RSM)

92422996