THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POLSKIE LINIE LOTNICZE LOT S.A., <br><br> Plaintiff, <br><br> vs. <br><br> THE BOEING COMPANY, <br><br> Defendant. | Case No. 2:21-CV-01449-RSM <br><br> **STIPULATED MOTION AND ORDER FOR LEAVE TO FILE DOCUMENT UNDER SEAL** <br><br> **NOTE ON MOTION CALENDAR: OCTOBER 31, 2022** |

## INTRODUCTION

Pursuant to Local Civil Rule 5(g)(2), Plaintiff POLSKIE LINIE LOTNICZE LOT S.A. ("LOT") and Defendant THE BOEING COMPANY ("Boeing," and together with LOT, the "Parties") respectfully move this Court for leave to file LOT's First Amended Complaint under seal because it contains excerpts from and summaries of the Parties' confidential documents containing sensitive contractual terms. After the First Amended Complaint has been filed, the Parties will promptly meet-and-confer to assess which redactions could adequately protect those confidentiality concerns.

**LCR 5(g)(3)(A) CERTIFICATION**

The Parties have met and conferred and are in agreement about the need for sealing. In accordance with Local Civil Rule 5(g)(3)(A), the undersigned counsel certify that on October 26, 2022, Anthony U. Battista and Mirin Park, on behalf of LOT, and Ulrike B. Connelly, on behalf of Boeing, met and conferred telephonically regarding LOT's intention to include, in its First Amended Complaint to be filed on October 31, 2022, excerpts to and references from Boeing's Aircraft General Terms Agreements ("AGTAs") with airline lessors that leased aircraft to LOT (and assigned some contractual AGTA terms to LOT during the course of those lease agreements). Specifically, during the telephonic meet and confer, counsel for LOT informed counsel for Boeing that LOT's First Amended Complaint contains excerpts from and summaries of portions of Boeing's AGTAs. During that call and in follow-up correspondence, Boeing and LOT agreed that any references or excerpts to the AGTAs in LOT's Amended Complaint should remain under seal because those contracts contain highly sensitive contractual terms relating to the purchase and lease of commercial aircraft, the disclosure of which Boeing asserts will result in commercial harm to Boeing and its airline customers.[1]

The Parties therefore agree that LOT's First Amended Complaint would need to be filed under seal in the first instance, subject to this Court's approval. The Parties further agree that, following LOT's filing of the First Amended Complaint under seal, as well as this accompanying Stipulation Motion and [Proposed] Order: (1) the Parties would meet and confer to agree on appropriate redactions to LOT's First Amended Complaint; and, subject to the Court granting this Stipulated Motion, (2) LOT would file a redacted copy of its First Amended Complaint on the public docket within seven (7) days of filing the sealed copy of its First Amended Complaint.

The Parties are in further agreement that there is not another means of protecting the commercially sensitive information in the AGTAs.

---

[1] Boeing notes it has not yet seen the proposed contract terms that LOT intends to file with its First Amended Complaint.

STIPULATED MOTION AND ORDER FOR LEAVE TO FILE DOCUMENT UNDER SEAL
Case No. 21-cv-1449-RSM

-2-

**LCR 5(g)(3)(B) LEGAL STANDARD AND BOEING'S ARGUMENT**

This Court applies a strong presumption favoring public access to court records that ordinarily requires the moving party to provide compelling reasons to seal a document. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). But where the underlying motion is non-dispositive, the showing required to rebut the presumption is far lower. *See, e.g.*, *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (holding that where the sealed records are "attached to a non-dispositive motion . . . , the usual presumption of the public's right of access is rebutted" (internal quotation marks and citation omitted)); *Kamakana*, 447 F.3d at 1179 ("The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials.").

In the case of a non-dispositive motion, a "good cause" showing will suffice to seal any records attached to the motion. *Kamakana*, 447 F.3d at 1180; *see also Midland*, 686 F.3d at 1119 ("[A] particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions." (citation omitted)). Here, LOT is not filing a dispositive motion; it is filing an amended Complaint. Therefore, the Court need only find good cause exists to redact portions of that Complaint that address confidential contractual terms.

Boeing and LOT agree that the AGTAs set out the contractual terms on which Boeing sells commercial aircraft to its customers, including the terms of delivery, pricing, rebates, and product warranties. The Parties do not publicly disclose information of this kind. It is particularly sensitive because contracts between Boeing and its customers are heavily negotiated and subject to confidential terms and conditions. Boeing and its customers negotiate those contracts with the understanding that those commercial terms will not be disclosed to the public, thereby resulting in competitive harm both to Boeing and to its customers. For precisely this reason, the AGTAs contain provisions requiring the parties to treat as strictly confidential any information pertaining

to the AGTAs, including the documents as well as individual provisions contained therein. Similarly, when airline customers lease Boeing aircraft (versus purchasing them outright), the airline customer, such as LOT here, will execute assignments of certain rights under the lessor's AGTA, and the confidentiality provisions of the AGTAs are one such right assigned.

Other courts have consistently permitted parties to redact similar contractual information on the grounds that it is commercially and competitive sensitive. *See, e.g.*, *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 734 (7th Cir. 2013) (sealing "customer and pricing data"); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (redacting "product-specific financial information"); *Amgen Inc. v. Amneal Pharms. LLC*, 2021 WL 4843959, at *2 (D. Del. Oct. 18, 2021) (sealing "contract price at which [manufacturer] sells the . . . product to each customer" and the "chargebacks, rebates, and discounts provided to each customer"). As Judge Posner reasoned, information of this type gives "unearned competitive advantage" to other firms, and "the American public does not need to know [such information] in order to evaluate the handling of this litigation by the judiciary." *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003).

Disclosure of the AGTAs would result in harm to Boeing and its customers (including LOT).[2] If another aircraft manufacturer learns of these terms, Boeing would be unfairly disadvantaged because the competitor could craft its offers with full knowledge of the package of pricing, services, and other terms that Boeing offers its customers. The result would be that the competitor could craft its own proposals with unilateral insight into Boeing's confidential contracts. That unfair advantage would arise by virtue of the litigation process, not through any earned business advantage. Likewise, such disclosure would also give other airline customers (or aircraft lessees) access to confidential pricing, services, and other contract terms that Boeing offers to the counterparties to the AGTAs at issue in this case, which would create unearned

---

[2] LOT does not at this time take a position on whether the specific provisions it excerpts in the First Amended Complaint will cause harm to LOT if disclosed; Boeing reserves its rights on this issue until it has the opportunity to review the First Amended Complaint.

STIPULATED MOTION AND ORDER FOR
LEAVE TO FILE DOCUMENT UNDER
SEAL
Case No. 21-cv-1449-RSM

-4-

leverage in negotiations with Boeing arising by virtue of a routine filing in a litigation unrelated to those business entities, rather than through any earned competitive advantage.

Finally, the Parties do not propose keeping the entirety of the Complaint under seal. *See* LCR 5(g)(3)(B)(iii) (requiring the least restrictive method to ensure protection of material to be sealed). Instead, the Parties anticipate being able to redact only those portions that quote from or specifically detail terms from the AGTAs, and the Parties will submit additional supporting papers to provide a specific basis for sealing the specific provisions at issue. As soon as the First Amended Complaint is filed, and available to Boeing to review, the Parties will work together to prepare such a redacted version for filing in the public record.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court order the following document be filed under seal: an unredacted copy of Plaintiff POLSKIE LINIE LOTNICZE LOT S.A.'s First Amended Complaint. The Parties will submit a redacted copy for filing in the public record within seven (7) days of the Court's order sealing the Complaint.

IT IS SO STIPULATED by and between the Parties.

DATED: October 31, 2022

By: s/ *Mirin Park*
Mirin Park, WSBA No. 57983

**Condon & Forsyth LLP**
600 Stewart Street
Suites 300 & 400
Seattle, Washington 98101
Email: mpark@condonlaw.com

Anthony U. Battista (*pro hac vice*)
Diana Gurfel Shapiro (*pro hac vice*)
Evan Kwarta (*pro hac vice*)
Mary Dow (*pro hac vice*)

**Condon & Forsyth LLP**
7 Times Square, 18th Floor
New York, New York 10036
Email: abattista@condonlaw.com
dgurfel@condonlaw.com
ekwarta@condonlaw.com
mdow@condonlaw.com

*Attorneys for Plaintiff*
*Polskie Linie Lotnicze LOT S.A.*

By: s/ *Ulrike B. Connelly*
Steve Y. Koh, WSBA No. 23284
Eric B. Wolff, WSBA No. 43047
Ulrike B. Connelly, WSBA No. 42478
Gregory F. Miller, WSBA No. 56466
Michelle L. Maley, WSBA No. 51318

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: SKoh@perkinscoie.com
EWolff@perkinscoie.com
UConnelly@perkinscoie.com
GMiller@perkinscoie.com
MMaley@perkinscoie.com

*Attorneys for Defendant*
*The Boeing Company*

## ORDER

Based upon the foregoing Stipulation, the Court hereby:

ORDERS, ADJUDGES AND DECREES that the unredacted copy of Plaintiff POLSKIE LINIE LOTNICZE LOT S.A.'s First Amended Complaint may be filed under seal.

IT IS SO ORDERED.

DATED this 1st day of November, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE