THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POLSKIE LINIE LOTNICZE LOT S.A., <br><br> Plaintiff, <br><br> vs. <br><br> THE BOEING COMPANY, <br><br> Defendant. | Case No. 2:21-CV-01449-RSM <br><br> STIPULATED MOTION AND ORDER FOR LEAVE TO FILE LOT'S OPPOSITION TO BOEING'S MOTION TO DISMISS UNDER SEAL <br><br> NOTE ON MOTION CALENDAR: JANUARY 12, 2023 |

## INTRODUCTION

Pursuant to Local Civil Rule 5(g)(2), Plaintiff Polskie Linie Lotnicze LOT S.A. ("LOT") and Defendant The Boeing Company ("Boeing," and together with LOT, the "Parties") respectfully move this Court for leave to file LOT's Opposition to Boeing's Motion to Dismiss LOT's First Amended Complaint ("Opposition") under seal because it references portions of Boeing's Motion to Dismiss and LOT's First Amended Complaint that are already under seal and contains other excerpts from, and summaries of, confidential documents containing sensitive contractual terms, the full disclosure of which will result in harm to Boeing's and its airline customers' (which includes LOT) commercial interests.

**RELEVANT PROCEDURAL HISTORY**

The Court previously allowed the Parties to file LOT's First Amended Complaint and Boeing's Motion to Dismiss LOT's First Amended Complaint, both of which also quoted and summarized portions of the AGTA, under seal initially, with the Parties proposed limited redactions a week later. *See* ECF No. 48 (order granting joint request to seal limited to those portions referring to the AGTA terms in the First Amended Complaint); ECF No. 52 (same for Boeing's Motion to Dismiss LOT's First Amended Complaint).

**LCR 5(g)(3)(A) CERTIFICATION**

The Parties have met and conferred and agree about the need for sealing. In accordance with Local Civil Rule 5(g)(3)(A), the undersigned counsel certify that on January 10, 2023, the Parties communicated about LOT's intention to include in its Opposition, to be filed on January 12, 2023, excerpts to and references from Boeing's Aircraft General Terms Agreements ("AGTAs") with airline lessors that leased aircraft to LOT (and assigned some contractual AGTA terms to LOT during the course of those lease agreements) and references to portions of Boeing's Motion to Dismiss and LOT's First Amended Complaint that are already under seal.

The Parties therefore agree that LOT's Opposition will be filed under seal in the first instance, subject to this Court's approval. The Parties further agreed that, following LOT's filing of the Opposition under seal, as well as this accompanying Stipulation Motion and [Proposed] Order: (1) the Parties would meet and confer to agree on appropriate redactions to the Opposition; and, subject to the Court granting this Stipulated Motion, (2) LOT would file a redacted copy of its Opposition on the public docket within seven (7) days of filing its Opposition.

The Parties are in further agreement that there is not another means of protecting the commercially sensitive information in the AGTAs.

**LCR 5(g)(3)(B) LEGAL STANDARD AND ARGUMENT**

This Court applies a strong presumption favoring public access to court records that ordinarily requires the moving party to provide compelling reasons to seal a document.

*Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). But where the underlying motion is non-dispositive, the showing required to rebut the presumption is far lower. *See, e.g.*, *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (holding that where the sealed records are "attached to a non-dispositive motion . . . , the usual presumption of the public's right of access is rebutted" (internal quotation marks and citation omitted)); *Kamakana*, 447 F.3d at 1179 ("The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials.").

In the case of a non-dispositive motion, a "good cause" showing will suffice to seal any records attached to the motion. *Id.* at 1180; *see also Midland*, 686 F.3d at 1119 ("[A] particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions." (citation omitted)). Here, Boeing's Motion to Dismiss is not a dispositive motion; it is a motion to dismiss only some of the causes of the action. Therefore, the Court need only find good cause exists to redact portions of LOT's Opposition to Boeing's Motion to Dismiss that address confidential contractual terms.

Boeing and LOT agree that the AGTAs set out the contractual terms on which Boeing sells commercial aircraft to its customers, including the terms of delivery, pricing, rebates, and product warranties. Boeing does not publicly disclose information of this kind. It is particularly sensitive because contracts between Boeing and its customers are heavily negotiated and subject to confidential terms and conditions. Boeing and its customers negotiate those contracts with the understanding that those commercial terms will not be disclosed to the public, thereby resulting in competitive harm both to Boeing and to its customers. For precisely this reason, the AGTAs contain provisions requiring the parties to treat as strictly confidential any information pertaining to the AGTAs, including the documents as well as individual provisions contained therein. Similarly, when airline customers lease Boeing aircraft (versus purchasing them outright), the

airline customer, such as LOT here, will execute assignments of certain rights under the lessor's AGTA, and the confidentiality provisions of the AGTAs are one such right assigned.

This Court has already granted Boeing leave to file under seal its Motion to Dismiss, which quotes and summarizes many of the same portions of the AGTAs that LOT does in its Opposition, for the same reasons as stated in this Stipulated Motion. *See* ECF No. 52. Other courts have consistently permitted parties to redact similar contractual information on the grounds that it is commercially and competitively sensitive. *See, e.g.*, *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 734 (7th Cir. 2013) (sealing "customer and pricing data"); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (redacting "product-specific financial information"); *Amgen Inc. v. Amneal Pharms. LLC*, 2021 WL 4843959, at *2 (D. Del. Oct. 18, 2021) (sealing "contract price at which [manufacturer] sells the . . . product to each customer" and the "chargebacks, rebates, and discounts provided to each customer"). As Judge Posner reasoned, information of this type gives "unearned competitive advantage" to other firms, and "the American public does not need to know [such information] in order to evaluate the handling of this litigation by the judiciary." *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003).

Disclosure of the contractual terms of AGTAs would result in harm to Boeing and its customers. If another aircraft manufacturer learns of these terms, Boeing would be unfairly disadvantaged because the competitor could craft its offers with full knowledge of the package of pricing, services, and other terms that Boeing offers its customers. The result would be that the competitor could craft its own proposals with unilateral insight into Boeing's confidential contracts. That unfair advantage would arise by virtue of the litigation process, not through any earned business advantage. Likewise, such disclosure would also give other airline customers (or aircraft lessees) access to confidential pricing, services, and other contract terms that Boeing offers to the counterparties to the AGTAs at issue in this case, which would create unearned leverage in negotiations with Boeing arising by virtue of a routine filing in a litigation unrelated

to those business entities, rather than through any earned competitive advantage.

Finally, the Parties do not propose keeping the entirety of the Opposition under seal. *See* LCR 5(g)(3)(B)(iii) (requiring the least restrictive method to ensure protection of material to be sealed). Instead, the Parties anticipate being able to redact only those portions that quote from or specifically detail terms from the AGTAs. As soon as the Opposition is filed, and available to Boeing for review, the Parties will work together to prepare such a redacted version for filing in the public record.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court order the following document be filed under seal: an unredacted copy of LOT's Opposition to Boeing's Motion to Dismiss LOT's First Amended Complaint. The Parties will submit a redacted copy for filing in the public record within seven (7) days of the Court's order sealing this Opposition.

IT IS SO STIPULATED by and between the Parties.

DATED: January 12, 2023

By: s/ *Mirin Park*
Mirin Park, WSBA No. 57983

**Condon & Forsyth LLP**
600 Stewart Street
Suites 300 & 400
Seattle, Washington 98101
Email: mpark@condonlaw.com

Anthony U. Battista (*pro hac vice*)
Diana Gurfel Shapiro (*pro hac vice*)
Evan Kwarta (*pro hac vice*)
Mary Dow (*pro hac vice*)

**Condon & Forsyth LLP**
7 Times Square, 18th Floor
New York, New York 10036
Email: abattista@condonlaw.com

By: *s/ Ulrike B. Connelly*
Steve Y. Koh, WSBA No. 23284
Eric B. Wolff, WSBA No. 43047
Ulrike B. Connelly, WSBA No. 42478
Gregory F. Miller, WSBA No. 56466
Michelle L. Maley, WSBA No. 51318

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: SKoh@perkinscoie.com
       EWolff@perkinscoie.com
       UConnelly@perkinscoie.com
       GMiller@perkinscoie.com
       MMaley@perkinscoie.com

dgurfel@condonlaw.com
ekwarta@condonlaw.com
mdow@condonlaw.com

*Attorneys for Defendant
The Boeing Company*

*Attorneys for Plaintiff
Polskie Linie Lotnicze LOT S.A.*

### ORDER

Based upon the foregoing Stipulation, the Court hereby:

ORDERS, ADJUDGES AND DECREES that the unredacted copy of LOT's Opposition to Boeing's Motion to Dismiss LOT's First Amended Complaint may be filed under seal.

IT IS SO ORDERED.

DATED this 13th day of January, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

Presented by:

By: s/ *Mirin Park*
Mirin Park, WSBA No. 57983

**Condon & Forsyth LLP**
600 Stewart Street
Suites 300 & 400
Seattle, Washington 98101
Email: mpark@condonlaw.com

Anthony U. Battista (*pro hac vice*)
Diana Gurfel Shapiro (*pro hac vice*)
Evan Kwarta (*pro hac vice*)
Mary Dow (*pro hac vice*)

**Condon & Forsyth LLP**
7 Times Square, 18th Floor
New York, New York 10036
Email: abattista@condonlaw.com
         dgurfel@condonlaw.com
         ekwarta@condonlaw.com
         mdow@condonlaw.com

*Attorneys for Plaintiff*
*Polskie Linie Lotnicze LOT S.A.*

By: *s/ Ulrike B. Connelly*
Steve Y. Koh, WSBA No. 23284
Eric B. Wolff, WSBA No. 43047
Ulrike B. Connelly, WSBA No. 42478
Gregory F. Miller, WSBA No. 56466
Michelle L. Maley, WSBA No. 51318

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email:  SKoh@perkinscoie.com
         EWolff@perkinscoie.com
         UConnelly@perkinscoie.com
         GMiller@perkinscoie.com
         MMaley@perkinscoie.com

*Attorneys for Defendant*
*The Boeing Company*

STIPULATED MOTION AND ORDER FOR LEAVE TO
FILE LOT'S OPPOSITION TO BOEING'S MOTION TO
DISMISS UNDER SEAL
Case No. 21-cv-1449-RSM - 7