UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POLSKIE LINIE LOTNICZE LOT S.A.,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | CASE NO. C21-01449 RSM<br><br>ORDER GRANTING MOTION TO COMPEL DISCOVERY |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff Polskie Linie Lotnicze LOT S.A. ("LOT")'s Motion to Compel Discovery. Dkt. #56. Defendant The Boeing Company ("Boeing") opposes. Dkt. #66. After reviewing the attached declarations of counsel, the Court has determined that Plaintiff has satisfied LCR 37's meet and confer requirement. The Court finds it can rule without the need for oral argument. For the reasons set forth below, Plaintiff's Motion is GRANTED.

## II.   BACKGROUND

The lengthy allegations in this case have been summarized by the Court previously and are well known to the parties. *See* Dkt. #72. LOT alleges it suffered financial losses when the 737 MAX was grounded after the crash of Ethiopian Airlines Flight 302. Dkt. #43 (hereinafter,

"Amended Complaint"). LOT maintains that Boeing made misrepresentations and purposeful omissions as to the 737 MAX's airworthiness. *Id.* LOT filed this lawsuit on October 25, 2021, alleging fraudulent misrepresentation, negligent misrepresentation, violation of the implied warranty of merchantability, and violation of the implied warranty of fitness for a particular purpose. *See* Dkt. #72.

Other airline entities have pursued claims against Boeing based on their leasing of 737 MAX airplanes during the relevant time period and discovery has been produced at a significant expense to the parties involved. *See, e.g.*, *In Re Ethiopian Airlines Flight ET302 Crash Litig.*, No. 19-cv-2170 (N.D. Ill.) ("ET302 litigation"); Dkt. #56 at 1. LOT seeks to "avoid the same wasteful discovery thicket by serving requests upon Boeing for the production of targeted discovery on topics of common interest with the ET302 litigation." Dkt. #56 at 1. On November 2, 2022, LOT served its Second Set of Request for Production and three of those requests, Requests 22–24, are the subject of the instant Motion. They are as follows:

> **REQUEST FOR PRODUCTION NO. 22:** All documents relating to the design, development, testing, and certification of the Maneuvering Characteristics Augmentation System for the Boeing 737 MAX produced by Boeing *in In Re Ethiopian Airlines Flight ET302 Crash Litig.*, No. 19-cv-2170 (N.D. Ill.) on October 11, 2019, October 16, 2019, October 25, 2019, November 21, 2019, November 22, 2019, December 5, 2019, December 6, 2019, December 9, 2019, December 11, 2019, December 19, 2019, and December 20, 2020.
>
> **REQUEST FOR PRODUCTION NO. 23:** All documents collected from former Boeing 737 Chief Flight Technical Pilot, Mark Forkner, and disclosed and/or produced in *In Re Ethiopian Airlines Flight ET302 Crash Litig.*, No. 19-cv-2170 (N.D. Ill.) including, but not limited to Forkner custodial documents produced by Boeing to *ET302* Plaintiffs on November 22, 2019 and December 6, 2019.
>
> **REQUEST FOR PRODUCTION NO. 24:** All documents relating to Boeing Board of Directors' meetings at which the 737 MAX was discussed as produced by Boeing in response to Hon. D. Weisman's November 23, 2020 Order in *In Re Ethiopian Airlines Flight ET302 Crash Litig.*, No. 19-cv-2170, Dkt. No. 878 (N.D. Ill.).

*Id.* at 2.

ORDER GRANTING MOTION TO COMPEL DISCOVERY - 2

On December 2, 2022, Boeing served its Responses to LOT's Request and objected to all three of the above requests. *See* Shapiro Decl., Ex. D. Boeing objected to these requests on the grounds that "LOT baselessly seeks cloned discovery" and such discovery would be "wasteful, counterproductive, and would introduce unnecessary complexity and burden." Dkt. #66 at 1. LOT now moves to compel discovery responsive to Requests 22–24 on the basis that there is "substantial similarity" between this case and the ET302 litigation and the requests seek information that is directly relevant to LOT's misrepresentation claims. Dkt. #56 at 4, 8.

### III. DISCUSSION

#### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The Court has broad discretion to decide whether to compel disclosure of discovery. *See Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211, (9th Cir. 2002). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

#### B. Analysis

First, Boeing argues that LOT's requests improperly circumvent ordinary discovery procedures because the parties are continuing to meet and confer. Dkt. #66 at 1. Second,

ORDER GRANTING MOTION TO COMPEL DISCOVERY - 3

Boeing asserts that LOT's requests are improper because the Court cannot "ascertain whether the documents requested actually relate to [LOT's] claims and defenses." *Id.*; *King Cnty v. Merrill Lynch & Co.*, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011). Third, Boeing disputes LOT's claim of "substantial similarity" between this case and the ET302 litigation on the basis that this lawsuit "arises out of a different nucleus of facts and a different type of loss." Dkt. #66 at 1–2. Fourth, Boeing alleges that cloned discovery requests violate Rule 26(b)(1), stating that compliance would impose an enormous, undue burden on Boeing. *Id.* at 2.

While the parties may be continuing to meet and confer on discovery matters, Boeing objected to and did not produce the set of requests at issue in this Motion. The parties attempted in good faith to resolve the issue without court intervention and have both submitted declarations describing their meetings and communications. This is not a winning argument for Boeing.

"'[C]loned discovery', requesting all documents produced or received during other litigation or investigations, is irrelevant and immaterial unless the fact that particular documents were produced or received by a party is relevant to the subject matter of the subject case." *Midwest Gas Servs., Inc. v. Indiana Gas Co.,* IP99–0690–C–Y/G, 2000 WL 760700, at *1 (S.D.Ind. Mar.7, 2000). This is because, without more, the Court cannot ascertain whether the documents requested actually relate to Plaintiffs' claims and defenses. *See Wollam v. Wright Medical Group, Inc.,* 2011 WL 1899774, 2 (D.Colo.) (2011) ("Direct requests allow a court to consider the relevance of the information sought to the specific claims and defenses in the pending case."). Generally speaking, a plaintiff must make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses. *Merrill Lynch & Co.*, 2011 WL 3438491, at *3.

ORDER GRANTING MOTION TO COMPEL DISCOVERY - 4

Here, LOT's requests properly identify specific categories of documents sought that relate to Boeing's knowledge about problems with the 737 MAX; this subject is relevant to LOT's fraud claims. *Id*. Therefore, Boeing fails to show that LOT's requests are not within the scope of Rule 26(b)(1).

Boeing and LOT both reference *Whitman v. State Farm Life Ins. Co.*, No. 3:19-CV-06025-BJR, 2020 WL 5526684 (W.D. Wash. Sept. 15, 2020) to support their arguments about whether there is "substantial similarity" between this case and the ET302 litigation. Boeing asserts that LOT cannot demonstrate "substantial similarity" because its misrepresentation claims are different than the claims brought in the ET302 litigation. Dkt. #66 at 7. However, Boeing overlooks the fact that the same wrongful conduct is alleged by plaintiffs in both cases. *Compare* Dkt. #57, Ex. H ¶¶ 220–21 (ET302 Master Complaint) and Amended Complaint. ET302 litigation's claims of negligence, strict liability, breach of warranty, and failure to warn are related to Boeing's knowledge during the design and certification of the 737 MAX, the same alleged wrongful conduct that gave rise to LOT's misrepresentation claims. The causes of action may be different, but the specific and discrete requests served by LOT target the same conduct at issue in both cases.

Boing's overbreadth, proportionality, and undue burden arguments also fail. Under Fed. R. Civ. P. 26(b)(1), proportionality factors to be considered include the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Having already established the central relevance of the requested discovery for LOT's claims, together with the fact that Boeing is in exclusive possession of such discovery and the amount in controversy, these factors weigh in LOT's favor. Boeing has not persuaded the Court that re-

producing these documents from the ET302 litigation would be unduly burdensome or costly to such an extent that would change this proportionality analysis.

## IV.  CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff LOT's Motion to Compel, Dkt. #56, is GRANTED. Defendant Boeing is to provide Plaintiff with full and complete responses to Requests 22, 23, and 24 no later than **14 days** after the date of this Order.

DATED this 17th day of February, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE