UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POLSKIE LINIE LOTNICZE LOT S.A., <br><br> Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, <br><br> Defendant. | CASE NO. C21-1449RSM <br><br> ORDER GRANTING MOTIONS TO COMPEL RE: DEPOSITIONS |

This matter comes before the Court on Plaintiff POLSKIE LINIE LOTNICZE LOT S.A. ("LOT")'s Motion to Compel the Deposition of Darren Jens, Dkt. #96, and Boeing's Motion to Compel Limited Additional Deposition Testimony, Dkt. #99. No party has requested oral argument. The Court is satisfied that the parties have met and conferred about these issues.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that

resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

The Court will address LOT's Motion first. On February 27, 2025, LOT served defendant Boeing with a Notice of Deposition for Darren Jens, a former Boeing Program Engineer on the MAX Program. Dkt. #97 ("Battista Decl."), ¶ 4. On March 3, 2025, counsel for Boeing objected, arguing this witness was duplicative, irrelevant, unduly burdensome and not proportional. *Id*. at ¶ 5.

LOT contends that this deposition is needed because Mr. Jens "was personally involved in and has personal knowledge of the uncertifiable MAX aircraft stall characteristics identified in 2016, flight testing issues throughout 2016, aircraft certification issues throughout 2016 and catastrophic safety issues arising from the expansion of MCAS – Boeing's proposed fix to the issues that were purposefully omitted from LOT Polish Airlines." *Id.* at ¶ 7. It appears that Mr. Jens made statements that were then passed on to LOT through other Boeing employees. LOT argues that Mr. Jens's testimony will not be cumulative because he has never been deposed and "[n]o other witness could testify about the purpose for [his] communications and no other witness could explain what tests and analyses [he] may have conducted or with whom else he communicated within Boeing regarding MCAS." *Id*. at 6. This deposition is proportional, according to LOT, because it will be "only the eighth witness for deposition in a case valuated in excess of $200 million" and that it "is not burdensome for a company of Boeing size." *Id*. at 6–7.

Boeing first argues that the testimony will not be relevant because there is no evidence that Mr. Jens ever interacted with LOT and because his engineering work on the Maneuvering Characteristics Augmentation System ("MCAS") "has little relevance to the claims LOT brings…" Dkt. #117 at 2. Next, Boeing contends that this testimony would be cumulative

because LOT has already deposed the employees who received information from Mr. Jens and then allegedly made misstatements or omissions to LOT, and because Boeing has made a 30(b)(6) witness available who can testify about Mr. Jens. *Id*. Boeing points out the extensive document production in this case and even its "numerous admissions regarding the design and function of MCAS." *Id*. Finally, Boeing believes LOT's "purpose in deposing Mr. Jens is not to obtain information about MCAS, but to harass yet another witness with inflammatory questions designed to gather soundbites about two tragic accidents that have no relevance to LOT's claims of economic loss caused by the grounding of their 737 MAXs." *Id*. at 3.

The Court finds that the deposition of Mr. Jens seeks relevant information. LOT is not required to anticipate all answers Mr. Jens may give at this juncture, nor to rely on Boeing's 30(b)(6) witness to testify about the knowledge of a former employee. This deposition is proportional to the needs of the case and not unduly burdensome. LOT's deposition of Mr. Jens is not cumulative to the extent that it may reveal information above and beyond what exists in documents and admissions from Boeing. Boeing's remaining issues with this deposition ultimately are speculative and insufficient to meet its burden to show why this discovery request should be denied. The Court will grant LOT's Motion.

Turning to Boeing's Motion, all issues have apparently been resolved except Boeing's request for 30 additional minutes of deposition questioning of LOT's expert Captain Gregory Bowen "to explore potential bias based on his financial interest in related litigation against Boeing." *See* Dkt. #127 at 1–2. The Court will address only this issue. According to Boeing:

> LOT has retained Captain Bowen, a pilot for Southwest Airlines, to opine on alleged deficiencies in the 737 MAX aircraft design and certification process. But in a separate, pending litigation (*Sw. Airlines Pilots Ass'n v. Boeing*, No. DC-19-16290 (Tex.)), Captain Bowen stands to receive monetary compensation if that plaintiff— an organization acting on behalf of Captain Bowen and other Southwest Airlines pilots—prevails on its claims against Boeing

based on the same alleged deficiencies that form the bases for his expert testimony in this case.

*Id*. at 2. LOT instructed Captain Bowen not to answer two questions about this at his deposition. Boeing argues that it must be allowed to fully explore this potential bias. *Id*. at 4 (citing, inter alia, *Smith v. Ethicon, Inc.*, 2020 WL 6044548, at *4 (D. Or. Oct. 13, 2020) (finding that an "expert witness's potential biases are a relevant topic of inquiry and are thus within the scope of discovery")).

The Court agrees with Boeing that it must be allowed to fully explore this issue of bias and will grant the requested relief. Any burden to Captain Bowen or LOT in a 30-minute follow-up deposition is marginal and outweighed by Captain Bowen's role as an expert witness.

Accordingly, having reviewed the Motions and the remainder of the record, the Court hereby finds and ORDERS that LOT's Motion to Compel the Deposition of Darren Jens, Dkt. #96, and the remaining relief in Boeing's Motion to Compel Limited Additional Deposition Testimony, Dkt. #99, are GRANTED as stated above. The Court, finding good cause, GRANTS the related Motions to Seal, Dkts. #106, #108, #116, #121, and #126. The following exhibits and briefing shall remain under seal: Dkts. #96, #97, #99, #101 through #103, #107, #111 through #114, #117, #122, #124 and #125, and #127.

DATED this 23rd day of May, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTIONS TO COMPEL RE: DEPOSITIONS - 4