UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POLSKIE LINIE LOTNICZE LOT S.A., <br><br> Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, <br><br> Defendant. | No. 2:21-cv-01449-RSM <br><br> **STIPULATED MOTION AND ORDER TO REVISE CASE SCHEDULE** |

## I.     INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 16(b)(6) and Local Civil Rules 7(d)(1), 7(j), and 10(g), Plaintiff Polskie Linie Lotnicze Lot S.A. ("Polskie") and Defendant The Boeing Company ("Boeing") jointly move the Court to (i) reset and extend the motions in limine and proposed pretrial order deadlines, (ii) set the date of the pretrial conference, and (iii) reduce the estimated duration of trial. Adjusting the schedule as described below will give the parties additional time to prepare pretrial materials and to resolve pre-trial disputes where possible, without resorting to unnecessary motions practice. The shortened estimated trial duration will also lessen the burden on both parties and the Court. The parties do not seek to move the trial date or any other case deadlines, and neither party will be prejudiced by extending these deadlines or condensing the trial. The parties' motion is also timely, as the parties have filed it approximately a week before the first deadline they seek to extend.

## II. BACKGROUND

On January 8, 2025, the Court set a trial date of November 3, 2025. ECF No. 92. The parties had previously estimated the duration of trial as 10–15 days. ECF No. 83. The deadline for motions in limine was set as August 11, and the deadline for the proposed pretrial order was set as August 28. ECF No. 92. Based on the date of the deadline for the proposed pretrial order, the deadlines for LOT's and Boeing's pretrial statements were set by rule as July 29 and August 8, respectively. *See* LCR 16(h) & 16(i).

On March 18, 2025, the parties jointly moved the Court to extend certain deadlines for discovery and dispositive motions. ECF No. 93. The Court granted that motion on March 19, 2025. ECF No. 94.

On May 29, 2025, both parties filed motions for summary judgment. Boeing also filed two motions to exclude testimony based on Federal Rule of Evidence 702. On June 4, 2025, the parties jointly moved the Court to extend the deadlines for oppositions to, and replies in support of, these motions to July 10 and July 30, respectively. ECF No. 147. The Court granted that motion on June 6. ECF No. 149. The parties inadvertently did not move the Court to extend other pretrial deadlines in their June 4 stipulated motion. *See* ECF Nos. 93 & 147. As a result, LOT must submit its pretrial statement on July 29—the day *before* the parties' summary judgment and Rule 702 replies are due. Boeing will be required to submit its pretrial statement just days after those motions ripen. And both parties will be required to submit motions in limine and their proposed pretrial orders shortly thereafter.

On July 8, 9, and 21, counsel for LOT and Boeing conferred about the motions in limine and proposed pretrial order deadlines. Counsel for both parties agreed with the need to reset both deadlines to allow for more efficient resolution of disputes and to reduce the burden on both the Court and the parties. Counsel also agreed to shorten the estimated duration of trial from 10–15 days to 8–10 days.

## III. LEGAL STANDARD

"The decision to modify a scheduling order is within the broad discretion of the district court." *James v. Nationwide Affinity Ins. Co. of Am.*, No. C22-772-RSM, 2023 WL 5020403, at *1 (W.D. Wash. July 31, 2023) (Martinez, J.). The Court may extend the case schedule where good cause exists. Fed. R. Civ. P. 16(b)(4); LCR 16(b)(6). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). Local Civil Rule 7(j) establishes that "[a] motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline."

## IV. ARGUMENT

**Adjusting case deadlines.** Good cause exists to reset the motions in limine and proposed pretrial order deadlines, which will allow the parties time to prepare and submit their pretrial materials more efficiently. The current case schedule requires LOT and Boeing to exchange their pretrial statements on July 29 and August 8, respectively; file motions in limine on August 11; and file their proposed pretrial order on August 28. *See* ECF No. 147. Meanwhile, the parties' summary judgment and *Daubert* briefing is due on July 30—a day *after* LOT's pretrial statement becomes due, mere days before Boeing's pretrial statement becomes due, and not long before the parties' motions in limine and proposed pretrial order deadlines.

Adjusting the case schedule will allow parties to focus on the summary judgment and *Daubert* briefing due later this month, without compromising the parties' ability to adequately prepare important pretrial materials. This will also give parties additional time to resolve pretrial disputes or evidentiary disputes before engaging in unnecessary motions practice. Resolving those disputes without motions practice will be more efficient for the parties and for the Court. And

resetting these deadlines will not prejudice either party. *See James*, 2023 WL 5020403, at *1 ("Because the request for a trial continuance appears unopposed, it will be GRANTED."). In addition, setting the date for the pretrial conference will allow the parties to more efficiently plan for trial.

The parties are filing this motion well in advance of the upcoming deadlines. *See* LCR 7(j). *See generally Young v. Pena*, No. C18-1007JLR, 2019 WL 461161, at *2 (W.D. Wash. Feb. 6, 2019) (granting motion for relief from a deadline in part because the motion was timely filed five days before the deadline). The earliest deadline that the parties seek to move is LOT's deadline to serve its pretrial statement, which is July 29.

**Adjusting trial duration.** Likewise, good cause exists to adjust the estimated trial duration. Plaintiff—which bears the right of trial—proposed shortening the duration of the trial and defendant agreed. Thus, neither party will be prejudiced by this action, and parties move for this amendment well in advance of trial. This amendment will make the trial more efficient for both the parties and the Court.

***

The impracticability of complying with the current schedule, the lack of prejudice on any party, and the parties' timely motion all point to good cause. Accordingly, the parties respectfully request the Court to reset and extend the deadlines for motions in limine and the proposed pretrial order, set the date of the pretrial conference, and adjust the duration of the trial, as follows:

| Event | Current Dates | New Dates |
|---|---|---|
| JURY TRIAL DATE | November 3, 2025 | November 3, 2025 |
| Length of Trial | 10–15 days | 8–10 days |
| Plaintiff's Pretrial Statement | July 29, 2025 (by operation of rule) | August 26, 2025 (by operation of rule) |
| Defendant's Pretrial Statement | August 8, 2025 (by operation of rule) | September 5, 2025 (by operation of rule) |
| All motions in limine must be filed by | August 11, 2025 | September 3, 2025 |

STIPULATED MOTION AND ORDER TO
REVISE CASE SCHEDULE
(No. 2:21-cv-01449-RSM) – 4

| Event | Current Dates | New Dates |
|---|---|---|
| Oppositions to motions in limine must be filed by | August 25, 2025 (by operation of rule) | September 24, 2025 |
| Agreed pretrial order due | August 28, 2025 | September 25, 2025 |
| Pretrial conference to be scheduled by the Court | TBD | Week of October 6, 2025[1] |
| Trial briefs, proposed voir dire questions, jury instructions, neutral statement of the case, and trial exhibits due | October 24, 2025 | October 24, 2025 |

## V. CONCLUSION

Based on the foregoing, the parties respectfully request that the Court order the remaining deadlines as set forth above.

Dated: July 24, 2025

By: s/*Anthony Battista*

Mirin Park, WSBA No. 57983
**Condon & Forsyth LLP**
600 Stewart Street
Suites 300 & 400
Seattle, Washington 98101
Email: mpark@condonlaw.com

By: s/*Christopher Ledford*

Harry H. Schneider, Jr., WSBA No. 9404
Christopher M. Ledford, WSBA No. 44515
Ulrike B. Connelly, WSBA No. 42478
Michael Paisner, WSBA No. 48822
Michelle L. Maley, WSBA No. 51318

---

[1] The parties respectfully request that the Court reserve a half day or more for its Pretrial Conference as the parties anticipate the Court may need to make a significant number of evidentiary rulings arising from the use of video deposition testimony, including testimony provided by witnesses in other 737MAX actions who are unavailable and outside the subpoena power of the Court. Rulings in advance of trial are needed to provide the parties with sufficient time to prepare video testimony and ensure a seamless presentation to the jury.

| | | |
|---|---|---|
| 1 | | |
| 2 | Anthony U. Battista, *pro hac vice* | **Perkins Coie LLP** |
| | Diana Gurfel Shapiro, *pro hac vice* | 1301 Second Avenue, Suite 4200 |
| 3 | Mary Dow, *pro hac vice* | Seattle, WA  98101-3099 |
| | | Telephone: 206.359.8000 |
| 4 | **Condon & Forsyth LLP** | Facsimile: 206.359.9000 |
| | 7 Times Square, 18th Floor | Email: HSchneider@perkinscoie.com |
| 5 | New York, New York 10036 |       CLedford@perkinscoie.com |
| | Email: abattista@condonlaw.com |       UConnelly@perkinscoie.com |
| 6 |       dgurfel@condonlaw.com |       MPaisner@perkinscoie.com |
| |       lheller@condonlaw.com |       MMaley@perkinscoie.com |
| 7 |       mdow@condonlaw.com | |
| 8 | | |
| 9 | *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| | *Polskie Linie Lotnicze Lot S.A.* | *The Boeing Company* |

STIPULATED MOTION AND ORDER TO
REVISE CASE SCHEDULE
(No. 2:21-cv-01449-RSM) – 6

**ORDER**

This matter comes before the Court on the parties' stipulated motion to revise the case schedule. The Court, having reviewed the entire record, including the stipulated motion, finds that good cause is shown and hereby GRANTS the stipulated motion for the reasons set forth in said motion. It is therefore ORDERED that the case schedule shall be revised as set forth in the stipulated motion, with a pretrial conference to occur at **9:00 a.m. on Thursday, October 9, 2025.**

IT IS SO ORDERED.

DATED this 25th day of July, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE