UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POLSKIE LINIE LOTNICZE LOT S.A., <br><br> Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, <br><br> Defendant. | Case No. C21-1449RSM <br><br> ORDER RE: MOTIONS IN LIMINE |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff Polskie Linie Lotnicze LOT S.A. ("LOT")'s Motions in Limine, Dkt. #196, and Defendant the Boeing Company's ("Boeing")'s Motions in Limine, Dkt. #200.  The Court has determined it can rule on these Motions without oral argument.  For the reasons below, these Motions are GRANTED, DENIED, and DEFERRED as stated below.

## II.   PLAINTIFF'S MOTIONS IN LIMINE

1. LOT first moves to preclude Boeing from offering evidence or argument that the Covid-19 pandemic entitles Boeing to "offset" LOT's damages.  Dkt. #196 at 4.  More specifically, LOT asks to preclude the argument that "LOT did not have to make lease payments or incur other costs for the ten MAX aircraft that Boeing was unable to deliver due to the MAX grounding" and that LOT thus *saved* money because its fleet was grounded due to the pandemic.  *Id*.  The parties appear to dispute what Boeing intends to argue.  If Boeing intends to argue only that LOT's unpaid lease payments should be factored into the damages calculation, this is a benefit received by the injured

ORDER RE: MOTIONS IN LIMINE - 1

party due to the wrongdoers' conduct and permissible under Washington's collateral source rule. *See Gilmore v. Jefferson Cnty. Pub. Transportation Benefit Area*, 190 Wn.2d 483, 498–99 (2018). If Boeing strays into arguing that LOT could not have profited from the use of functional 737 MAX planes during the pandemic, it may violate this rule. In any event, LOT is free to argue to the jury that the facts do not support an offset of damages under the above law; Boeing is free to argue that an offset is permitted, so long as the law is correctly stated in the jury instructions. LOT also argues that the damages calculation of Boeing's expert witnesses is speculative; this goes to the weight of the evidence and/or should have been included in a prior *Daubert* motion. Accordingly, this Motion is DENIED.

2. LOT next moves to preclude Boeing from introducing evidence of the parties' settlement negotiations, "including LOT's internal preliminary and partial damages calculations." Dkt. #196 at 6. FRE 408 expressly prohibits evidence of compromise offers and negotiations. Boeing says it does not intend to offer settlement communications. The parties appear to be talking past each other. If LOT can demonstrate that some specific evidence being offered by Boeing was revealed only in settlement talks, it will be excluded under FRE 408. However, if Boeing can show that the evidence came from outside settlement talks, it will not be excluded under this rule. Specifics are not discussed, and the Court cannot rule in a vacuum. This Motion is thus DEFERRED.

3. LOT's third Motion seeks to preclude Boeing from discussing the termination of LOT's former CEO, Rafal Milczarski, who will be testifying as a witness. LOT provides no details, other than to say that his departure as CEO may be used to portray him in a

ORDER RE: MOTIONS IN LIMINE - 2

negative light, which is impermissible under FRE 403 and FRE 611(a)(3).  Boeing responds without details, hinting only that evidence about Milczarski's departure "may be necessary" because it may, for example, bear on his "character for truthfulness" or his "potential bias," or it may somehow be used for impeachment.  Dkt. #210 at 11–12.  As far as the Court can tell, the circumstances of Milczarski's termination were not a part of summary judgment briefing or the pleadings.  This topic, on its face, is irrelevant and likely more prejudicial than probative.  Boeing offers nothing to the contrary.  Accordingly, this Motion is GRANTED.

4. LOT seeks permission to introduce into evidence the 2021 Deferred Prosecution Agreement and 2025 Non-Prosecution Agreement related to the Department of Justice's criminal investigation against Boeing for the 737 MAX.  Both agreements attach and incorporate a Statement of Facts setting forth the criminal acts committed by Boeing employees in connection with the MAX, for which Boeing expressly accepts responsibility and admits are true and accurate.  These agreements provide:

> [Boeing] expressly agrees that it shall not, through present or future attorneys, officers, directors, employees, agents or any other person authorized to speak for the Company make any public statement, in litigation or otherwise, contradicting the acceptance of responsibility by the Company set forth above or the facts described in the Statement of Facts and admits, accepts, and acknowledges that it is responsible under United States law for the acts of its officers, directors, employees, and agents as set forth in the Statement of Facts … [Boeing] shall be permitted to raise defenses and to assert affirmative claims in other proceedings relating to matters set forth in the Statement of Facts, provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Statement of Facts.

Dkt. #197-3 at 21–22.  The way the Court reads this, Boeing can be *impeached* if it makes a statement contrary to the Deferred Prosecution Agreement and Non-

ORDER RE: MOTIONS IN LIMINE - 3

Prosecution Agreement or the associated Statements of Facts. However, to introduce into evidence these entire documents will be confusing to the jury, cumulative, or unnecessary. Certainly LOT can refer to the existence of the 2021 Deferred Prosecution Agreement and 2025 Non-Prosecution Agreement. The Court will address the introduction of excerpts of these agreements on a case-by-case basis. If any specific statement of a witness is objectionable at trial, Boeing is free to so object. If Boeing takes issue with LOT's reliance on this type of evidence to prove fraud, it is free to point that out to the jury in closing argument. This Motion is thus GRANTED IN PART AND DENIED IN PART.

5. LOT moves for permission to introduce evidence of the MAX accidents, including the factual findings contained in the final accident reports. Boeing opposes, arguing that such is more prejudicial than probative under FRE 403. Specifically, Boeing argues that its admission that the MCAS system caused these accidents "has no bearing on what Boeing did or did not tell LOT about MCAS, pilot training, or any other topic that LOT now asserts is relevant to its claims." Dkt. #210 at 14. Boeing sums it up by saying "this is not a wrongful-death case." *Id*. The Court agrees that there is a real risk of undue prejudice in diving into the details of the October 29, 2018, Lion Air crash and the March 10, 2019, Ethiopian Airlines crash. This Motion is thus DENIED under FRE 403. LOT is free to reference these accidents and the MCAS system but not to cite specific factual findings of the accident reports.

6. LOT next moves for permission to introduce into evidence all or portions of the 238-page U.S. House Committee on Transportation and Infrastructure Report and the 71-page FAA-commissioned Joint Authorities Technical Review ("JATR") Report without

ORDER RE: MOTIONS IN LIMINE - 4

identifying any specific passages. Boeing argues that these reports are hearsay, untrustworthy, and cumulative. The Court disagrees that these reports are entirely excludable as hearsay as the public records exception applies. *See* FRE 803(8). The Court is not convinced that these reports demonstrate a lack of trustworthiness. To measure trustworthiness, courts typically consider four non-exclusive factors: "(1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation." *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 778 (9th Cir. 2010). "A party opposing the introduction of a public record bears the burden of coming forward with enough negative factors to persuade a court that a report should not be admitted." *Johnson v. City of Pleasanton*, 982 F.2d 350, 352 (9th Cir. 1992). Boeing fails to meaningfully engage with these factors, instead chiding the House Committee report for citing to news articles, stating that the investigators lacked skill or experience without further argument, questioning the due process of the Congressional hearings, and accusing the Committee of "partisan" and "political" bias without further details. *See* Dkt. #200 at 9–10. Boeing gives even less, and essentially no argument for the JATR report. Boeing is nevertheless free to attack the findings in these reports through evidence, fact testimony, or expert testimony, and to object to portions under FRE 402 and 403. The Court cannot rule on relevancy and 403 issues in a vacuum. This Motion is GRANTED IN PART and DEFERRED IN PART.

7. LOT moves for permission to introduce the congressional testimony of Boeing Executives regarding the 737 MAX. In connection with the U.S. House Committee's investigation, Boeing's former CEO, Dennis Muilenberg, and Chief Engineer, John

ORDER RE: MOTIONS IN LIMINE - 5

Hamilton, gave testimony before Congress, during which they made public admissions about MCAS's role in the MAX accidents and the economic harm suffered by Boeing's customers as a direct result of the MAX grounding. LOT argues these statements are admissible under 801(d)(2). Boeing argues this testimony should be excluded under 402 and 403 because the testimony focuses on the Ethiopian and Lion Air crashes and does not mention LOT. Boeing is also concerned that an admission from its CEO to Congress that Boeing made "mistakes" will be unduly prejudicial and confusing to the jury. The Court disagrees; it will be clear to the jury that Boeing made mistakes with regard to the 737 MAX and that such a statement to Congress does not determine Boeing's liability in this case. The Court finds that this congressional testimony is generally admissible but that specific objections under 402 and 403 may be upheld. The jury does not need to review the entire testimony as an exhibit and LOT should endeavor to excerpt portions as an exhibit. GRANTED.

8. LOT moves to introduce "cloned discovery" Boeing produced in this case that comes from prior 737 MAX actions including *In re Ethiopian Airlines Flight ET 302 Crash*, No. 19-cv-2170 (N.D. Ill.); *Earl v. Boeing Co.*, No. 4:19-cv-507 (E.D. Tex.); and *Comair Ltd. v. Boeing Co.*, No. C23-176 RSM (W.D. Wash.). LOT highlights its plan to use portions of videotaped depositions of current and former Boeing employees deposed in these other cases. Dkt. #196 at 11–12 (citing FRE 801(d)(2)(D); *United States v. Bonds*, 608 F.3d 495, 500 (9th Cir. 2010); *United States v. Agne*, 214 F.3d 47, 54 (1st Cir. 2000); Fed. R. Civ. P. 32(a)(8); *Hub v. Sun Valley Co.,* 682 F.2d 776, 778 (9th Cir. 1982)). The Court finds that Boeing's cloned discovery is generally

ORDER RE: MOTIONS IN LIMINE - 6

admissible but will permit Boeing to make 402 and 403 objections at trial. DEFERRED.

9. LOT seeks a ruling on the sequence and manner of its evidence. This issue was discussed at the pretrial conference. DENIED AS MOOT. The Court clarifies now that it intends the parties to present video depositions designations in the order in which they occurred, back and forth, rather than all of the designations of one party followed by all of the designations of the other.

10. LOT seeks a ruling that all documents produced by either party are deemed authenticated. Documents produced in discovery are deemed authenticated when offered by the opposing party. *See Alcantar v. City of Centralia*, No. 3:21-CV-05458-DGE, 2023 WL 6389339, at *3 (W.D. Wash. Oct. 2, 2023). The Court declines to rule now that all documents produced in discovery are deemed authenticated when offered by the same party that produced the document. Boeing disputes the authenticity of many of LOT's exhibits. The authenticity of individual exhibits will be dealt with at trial. DENIED.

11. LOT moves to prohibit Boeing from sealing trial exhibits, closing the courtroom, or restricting media access to the trial. This issue was addressed at the pretrial conference. The Court will not seal the courtroom but will turn off the video monitor facing the gallery for certain exhibits after hearing legal arguments. GRANTED IN PART AND DENIED IN PART.

### III.    DEFENDANT'S MOTIONS IN LIMINE

1. Boeing first moves to exclude third party reports, including the U.S. House Committee on Transportation and Infrastructure Report, as well as "reports—in both preliminary

ORDER RE: MOTIONS IN LIMINE - 7

and final form—from at least six third parties: the Joint Authorities Technical Review, the U.S. Department of Transportation's Office of the Inspector General, the Indonesia National Transportation Safety Committee, the Ethiopia Ministry of Transport and Logistics, the U.S. National Transportation Safety Board, and the FAA." The Court finds that these reports are public records and not inadmissible hearsay. Any flaws in the reports can be addressed by Boeing through testimony, exhibits, or argument, as stated above. DENIED.

2. Boeing next moves to exclude evidence about the 2021 Deferred Prosecution Agreement and 2025 Non-Prosecution Agreement related to the Department of Justice's criminal investigation against Boeing for the 737 MAX. GRANTED IN PART AND DENIED IN PART as stated above.

3. Boeing's third motion seeks to exclude evidence about the two 737 MAX crashes under 402 and 403. The Court has addressed this issue above. GRANTED.

4. Boeing moves to exclude testimony from FAA accident investigator David Gerlach under FRE 402, 701, and 702. First, Boeing alleges that Mr. Gerlach lacks personal knowledge about Boeing's interactions with the FAA relating to the MAX's certification or pilot training requirements and cannot testify as an expert witness because he was not disclosed as such. Second, Boeing argues that any testimony about its interactions with the FAA during the MAX's certification is irrelevant and more prejudicial than probative under FRE 403. LOT responds that Boeing has no basis to know the extent of Mr. Gerlach's personal knowledge or potential testimony because it failed to depose him. The Court agrees with LOT. Boeing can raise these issues via objection at trial. DENIED.

ORDER RE: MOTIONS IN LIMINE - 8

5. Boeing argues that the Court should "limit evidence about the MAX's design." In a nutshell, Boeing believes that this case deals only with a limited time frame of communications between the parties, while LOT's pretrial disclosures reveal "around 100 potential trial exhibits related to the MAX's development prior to 2016, and around 20 from the date of the Lion Air accident in October 2018 or later." The Court shares Boeing's concern that LOT will present cumulative or irrelevant exhibits. However, the Court declines at this time to issue Boeing's requested "clear requirement that, for any design information LOT seeks to introduce from before or after the relevant period in 2016, LOT must demonstrate the relevance and materiality of that information to actual statements or purported omissions by specific Boeing individuals." The Court will entertain appropriate objections at trial for cumulative or irrelevant exhibits or testimony. DENIED.

6. Boeing moves to exclude evidence regarding or prepared by Curtis Ewbank, a former Boeing engineer involved in the design of the MAX flight deck. After the second accident, Ewbank created an internal ethics complaint raising concerns about the MAX development process. Boeing argues that this should be excluded as hearsay. LOT argues that it is a business record and thus an exception to hearsay under FRE 803(6). The Court agrees with LOT that the ethics complaint is an internal business record and subject to an exception from the hearsay rule. The truth of the matters asserted in the ethics complaint can be discussed by live witnesses. Ewbank's deposition testimony in a related 737 MAX case is also admissible under FRE 804(b)(1), which permits former testimony if the declarant is unavailable, and the opponent of the testimony had the same "fundamental objective" to cross-examine. *U.S. v. McFall*, 558 F.3d 951, 963 (9th Cir.

ORDER RE: MOTIONS IN LIMINE - 9

2009). The testimony is also permissible under Rule 32(a)(8) and *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982). The Court finds that 403 is not triggered by this evidence. DENIED.

7. Finally, Boeing asks the Court to direct LOT to limit its 2,025 exhibits and 30 hours of deposition designations. The Court dealt with this issue at the pretrial conference and will not issue a ruling here limiting exhibits or deposition designations. DENIED.

### IV.    CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff LOT's Motions in Limine, Dkt. #196, and Defendant Boeing's Motions in Limine, Dkt. #200, are GRANTED, DENIED, AND DEFERRED as stated above.

DATED this 9th day of October, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER RE: MOTIONS IN LIMINE - 10