UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POLSKIE LINIE LOTNICZE LOT S.A., <br><br> Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, <br><br> Defendant. | Case No. C21-1449RSM <br><br> ORDER DENYING MOTION TO EXCLUDE EXPERT SAMUEL ENGEL |

This matter comes before the Court on Boeing's Motion to Exclude the Expert Testimony of Samuel Engel, Dkt. #139. Plaintiff Polskie Linie Lotnicze LOT S.A. ("LOT") has filed an opposition. Dkt. #153. The Court has determined that it can rule without the need of oral argument.

Federal Rule of Evidence 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 702, the trial court acts as a gatekeeper and ensures that the proffered scientific testimony meets certain standards of both relevance and reliability before it is admitted. *Daubert v. Merrell Dow Pharm., Inc. ("Daubert I")*, 509 U.S. 579, 590, 113 S. Ct. 2786, 125 L.

ORDER DENYING MOTION TO EXCLUDE EXPERT SAMUEL ENGEL - 1

Ed. 2d 469 (1993). The party proffering expert testimony has the burden of showing the admissibility of the testimony by a preponderance of the evidence. *Daubert I*, 509 U.S. at 592 n.10. "[J]udges are entitled to broad discretion when discharging their gatekeeping function" related to the admission of expert testimony. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-53, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999)). The Court considers four factors to determine if expert testimony will assist the trier of fact: "(i) whether the expert is qualified; (ii) whether the subject matter of the testimony is proper for the jury's consideration; (iii) whether the testimony conforms to a generally accepted explanatory theory; and (iv) whether the probative value of the testimony outweighs its prejudicial effect." *Scott v. Ross*, 140 F.3d 1275, 1285-86 (9th Cir. 1998).

As an initial matter, this Court must determine whether a witness is qualified as an expert by "knowledge, skill, experience, training or education." Fed. R. Evid. 702. Because the Rule "contemplates a *broad conception* of expert qualifications," only a "*minimal foundation* of knowledge, skill, and experience" is required. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015-16 (9th Cir. 2004) (emphasis in original) (quoting *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994)). A "lack of particularized expertise goes to the weight of [the] testimony, not its admissibility." *United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993) (citing *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984)); *Daubert v. Merrell Dow Pharm., Inc. ("Daubert II")*, 43 F.3d 1311, 1315 (9th Cir. 1995).

The trial court must also ensure that the proffered expert testimony is reliable. Generally, to satisfy Rule 702's reliability requirement, "the party presenting the expert must show that the expert's findings are based on sound science, and this will require some objective, independent validation of the expert's methodology." *Daubert II*, 43 F.3d at 1316. Toward this

ORDER DENYING MOTION TO EXCLUDE EXPERT SAMUEL ENGEL - 2

end, the Supreme Court in *Daubert I* set forth the following factors for the trial court to consider when assessing the reliability of proffered expert testimony: (1) whether the expert's method, theory, or technique is generally accepted within the relevant scientific community; (2) whether the method, theory, or technique can be (and has been) tested; (3) whether the method, theory, or technique has been subjected to peer review and publication; and (4) the known or potential rate of error of the method, theory, or technique. *Daubert I,* 509 U.S. at 593-94. An expert opinion is reliable if it is based on proper methods and procedures rather than "subjective belief or unsupported speculation." *Id.* at 590. The test for reliability "'is not the correctness of the expert's conclusions but the soundness of his methodology.'" *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (quoting *Daubert II*, 43 F.3d at 1318).

Alternative or opposing opinions or tests do not "preclude the admission of the expert's testimony – they go to the *weight*, not the admissibility." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998). Furthermore, "'[d]isputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.'" *Id.* (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995)).

Finally, the Court must ensure that the proffered expert testimony is relevant. As articulated in Rule 702, expert testimony is relevant if it assists the trier of fact in understanding evidence or in determining a fact in issue. *Daubert I*, 509 U.S. at 591. Thus, the party proffering such evidence must demonstrate a valid scientific connection, or "fit," between the evidence and an issue in the case. *Id.* Expert testimony is inadmissible if it concerns factual issues within the knowledge and experience of ordinary lay people because it would not assist the trier of fact in analyzing the evidence. In the Ninth Circuit, "[t]he general test regarding the

ORDER DENYING MOTION TO EXCLUDE EXPERT SAMUEL ENGEL - 3

admissibility of expert testimony is whether the jury can receive 'appreciable help' from such testimony." *United States v. Gwaltney*, 790 F.2d 1378, 1381 (9th Cir. 1986). Because unreliable and unfairly prejudicial expert witness testimony is not helpful to the trier of fact, the trial court should exclude such evidence. *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001). Likewise, expert testimony that merely tells the jury what result to reach is inadmissible. Fed. R. Evid. 704, Advisory Committee Note (1972); *see, e.g.*, *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.").

After reviewing the submitted materials, the Court is satisfied that Mr. Engel is qualified as an expert in this case. Boeing does not appear to contest Mr. Engel's qualifications. Instead, Boeing attacks his methodology for calculating LOT's lost profits during the grounding of the 737 MAX at issue in this case.

Boeing first argues that "Engel's opinions should be excluded in their entirety because his damages calculation is inconsistent with LOT's claimed injury." Dkt. #139 at 1. Boeing wants to limit LOT's damages to what it says is LOT's only theory of injury in the Amended Complaint: "that Boeing defrauded it into leasing an airplane model it otherwise would not have leased at all." *Id*. at 1–2. However, Boeing fails to present adequate argument to so limit LOT. The Amended Complaint seeks damages "such as lost revenue from canceled flights for which it had to pay passengers, storage costs, payment of employees who were not working MAX flights but whom LOT was still required to pay, insurance costs, reputational damage, operational inefficiencies, the cost to acquire less suitable replacement aircraft, and other categories of associated losses to be proven at trial." *See, e.g.,* Dkt. #43 at 121. Boeing has not

ORDER DENYING MOTION TO EXCLUDE EXPERT SAMUEL ENGEL - 4

convinced the Court that the Amended Complaint *only* claims damages according to one theory. Furthermore, it is not particularly surprising that a damages expert would present a more richly detailed picture of damages than what was plead or argued by a party or counsel prior to the creation of the expert report. In sum, this is not a valid basis to exclude this witness's opinions in their entirety. If LOT presents inconsistent or illogical positions at trial, Boeing can argue as much to the jury.

Boeing next says that Engel "cherry-picks" data by looking at revenues and costs prior to the onset of the COVID-19 pandemic, "just before the collapse of air travel worldwide." Dkt. #139 at 2. The Court has reviewed the arguments of the parties and agrees with LOT that this goes to the weight, not the admissibility, of Engel's testimony. Boeing is free to raise this issue on cross-examination.

Finally, Boeing argues that "even if Engel is allowed to proceed despite these fundamental methodological errors, his calculation of major categories of lost profits is so unreliable as to require exclusion." Dkt. #139 at 2. Boeing says that Engel does not employ the usual method for proving lost profits, establishing a "profit history," and that his alternative methodology—measuring the decline in LOT's seat capacity after the grounding against what it had previously forecast—is speculative and unreliable. *Id*. at 9. Boeing cites to its own expert who will testify that Engel's assumptions are "unreasonable." *Id.* In response, LOT refers to Engel's declaration where he says that his methodology "reflects the standard financial architecture of the airline industry and follows the methods used by airlines professionals to develop and evaluate airline business plans, and that this is the same approach he uses when advising airlines. *See* Dkt. #153 at 10–11. Boeing makes similar arguments about other methodologies employed by Engel. Boeing's critiques strikes the Court as "faults in his use of

ORDER DENYING MOTION TO EXCLUDE EXPERT SAMUEL ENGEL - 5

[a particular] methodology," which again goes to weight, not admissibility. *See Kennedy, supra*. The jury can hear from both experts on these issues and come to their own conclusions.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Boeing's Motion to Exclude the Expert Testimony of Samuel Engel, Dkt. #139, is DENIED.

DATED this 15th day of October, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE