UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POLSKIE LINIE LOTNICZE LOT S.A.,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | Case No. C21-1449RSM<br><br>ORDER DENYING MOTION FOR HEARING AND CLARIFYING PRIOR COURT RULINGS RE: DEPOSITION DESIGNATIONS |

This matter comes before the Court on the parties' joint Motion, Dkt. #231. The parties request "a videoconference (or telephonic) hearing to resolve two disputes between the parties over the meaning and scope of the Court's rulings at the pretrial conference and its order on the parties' motions in limine…" *Id*. at 1. They raise two issues: first, the parties agree that the Court's rulings permit LOT to use depositions taken in different cases as evidence in its case in chief, but disagree whether such is based in part on FRE 801(d)(2)(D) and whether the Court will allow LOT to introduce as evidence in its case in chief the depositions of four Boeing witnesses that will testify live at trial: Herb Wallen, Monty Oliver, Maarten Kluit, and Keith Leverkuhn. *Id*. at 1–2. Second, the parties "disagree as to whether the Court requested that a witness being presented via designated videotaped deposition should be presented only once, with both sides' designations played in order, at the time either side calls that witness, or if LOT may present its designations together with Boeing's appropriate counter-designations in its case in chief, such that Boeing would play additional video designations in support of its defense later during its case." *Id*. at 2.

ORDER DENYING MOTION FOR HEARING AND CLARIFYING PRIOR COURT
RULINGS RE: DEPOSITION DESIGNATIONS - 1

The Court finds it can clarify these issues without the need of a hearing or further briefing. Concerning deposition designations, the Court's goal is to ensure the jury can receive the facts in a clear, understandable fashion from live witnesses, or, if necessary and permissible, depositions presented in the clearest, most convenient format.

The Court need not issue an amended ruling on the admissibility of these depositions, having already found them admissible. To the extent LOT wishes to show clips from depositions in its case in chief without calling such witnesses to testify first, the Court repeats that it strongly prefers that video deposition testimony not be used for witnesses who will testify live except for impeachment. The Court will not permit this practice outside of impeachment unless a party is using deposition testimony of an opposing party's officer, director, managing agent, or Rule 30(b)(6) designee and explains to the Court why the presentation of such will aid the jury prior to the live testimony of that witness.

As to the second issue, the Court requests that a witness being presented via designated videotaped deposition be presented only once, with both sides' designations played in order, at the time either side calls that witness.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the parties' joint Motion, Dkt. #231, is DENIED with the clarifications stated above.

DATED this 21st day of October, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR HEARING AND CLARIFYING PRIOR COURT RULINGS RE: DEPOSITION DESIGNATIONS - 2