UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POLSKIE LINIE LOTNICZE LOT S.A.,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | Case No. 2:21-CV-01449-RSM<br><br>JOINT STATEMENT OF DISPUTED INSTRUCTIONS |

Plaintiff Polskie Linie Lotnicze LOT S.A. ("LOT") and Defendant The Boeing Company ("Boeing") respectfully submit this Joint Statement of Disputed Instructions with respect to the following:

- Standard Preliminary Instruction No. 3 and End-of-Trial Instruction No. 2 on Liability of Corporations – Scope of Authority Not in Issue;

- Standard Preliminary Instruction No. 5 and End-of-Trial Instruction No. 4 on What Is Not Evidence;

- Standard Preliminary Instruction No. 7 and End-of-Trial Instruction No. 6 on Deposition in Lieu of Live Testimony;

- Standard Preliminary Instruction No. 10 and End-of-Trial Instruction No. 9 on Use of Requests for Admission;

- End-of-Trial Instruction No. 23 on Fraudulent Misrepresentation – LOT's Claims as to Boeing's Misrepresentations;

- End-of-Trial Instruction No. 24 on Knowledge and Intent;

- End-of-Trial Instruction No. 25 on Materiality;

- End-of-Trial Instruction No. 26 on Fraudulent Misrepresentation – Elements;

- End-of-Trial Instruction No. 27 on Fraudulent Concealment/Omission – Duty to Disclose;

- End-of-Trial Instruction No. 28 on Fraudulent Concealment/Omission – LOT's Claims as to Boeing's Omissions;

- End-of-Trial Instruction No. 29 on Fraudulent Concealment/Omission – Elements;

- End-of-Trial Instruction No. 30 on Damages; and

- Special Verdict Sheet.

Pursuant to W.D. Washington Local Rule 51(f), this Joint Statement contains each of the Parties proposed instructions and verdict sheets and the authority and reasoning supporting their respective proposals and objections to the other party's proposed instructions.

**TABLE OF CONTENTS**

| | DISPUTED JURY INSTRUCTIONS | | | |
|---|---|---|---|---|
| **Instruction No.** | **Title** | **Source** | **Page No.** | **Party** |
| Preliminary Instruction No. 4 | Liability of Corporations – Scope of Authority Not in Issue | 9th Circuit Model Jury Instruction No. 4.2 | 6-7 | LOT[1] |
| End-of-Trial Instruction No. 3 | | 9th Circuit Model Jury Instructions No. 4.2; Dkt. #213 (Order Re: Motions for Summary Judgment) at 10 | 7-9 | Boeing |
| Preliminary Instruction No. 5 | What is Not Evidence | 9th Circuit Model Jury Instruction No. 1.10 | 10-11 | LOT |
| End-of-Trial Instruction No. 4 | | 9th Circuit Model Jury Instruction No. 1.10 | 11-12 | Boeing |
| Preliminary Instruction No. 7 | Deposition in Lieu of Live Testimony | 9th Circuit Model Jury Instruction No. 2.4; Dkt #232 (Order Denying the Parties' Motion Re: Joint Request) at 2 | 13 | LOT |
| End-of-Trial Instruction No. 6 | | 9th Circuit Model Jury Instruction No. 2.4 | 14 | Boeing |
| Preliminary Instruction No. 10 | Use of Requests for Admissions | 9th Circuit Model Jury Instruction No. 2.12 | 15 | LOT |
| End-of-Trial Instruction No. 9 | | 9th Circuit Model Jury Instruction No. 2.12 | 15-16 | Boeing |

---

[1] Each party's response/objection to the other party's proposed instruction immediately follows its own proposed instruction. For example, LOT's response/objection to Boeing's proposed instruction on "Liability of Corporations – Scope of Authority Not in Issue" starts on page 2, following LOT's own proposal for this instruction; and Boeing's response/object to LOT's proposed instruction on this issue starts on page 4, immediately following Boeing's own proposal for this instruction.

JOINT STATEMENT DISPUTED
INSTRUCTIONS - 3
(2:21-CV-01449-RSM)

| End-of-Trial Instruction No. 23 | Fraudulent Misrepresentation – LOT's Claims as to Boeing's Misrepresentations | 9th Circuit Model Jury Instruction No. 1.5 | 17-18 | LOT |
| | | 9th Circuit Model Jury Instruction No. 1.5 | 18-20 | Boeing |
| End-of-Trial Instruction No. 24 | Knowledge and Intent | Dkt. #213 (Order Re: Motions for Summary Judgment) at 10; Scienter, BLACK'S LAW DICTIONARY (12th ed. 2024) | 21-23 | Boeing |
| End-of-Trial Instruction No. 25 | Materiality | WPI 165.02 | 24-25 | Boeing |
| End-of-Trial Instruction No. 26 | Fraudulent Misrepresentation – Elements | WPI 165.02; *Kreidler v. Pixler*, Case No. 2:06-cv-00697-RSL, Court's Instructions to the Jury, Dkt #346 at 30, (W.D. Wash. 2010) (Instruction No. 28: Fraud Claim); *Loehr v. Manning*, 272 P.2d 133, 136 (Wash. 1954); *Elcon Constr., Inc. v. E. Wash. Univ.*, 174 Wash.2d 157, 166 (2012); *Beckendorf v. Beckendorf*, 76 Wash.2d 457, 462 (1969); *Raser v. Moomaw*, 78 Wash. 653, 656 (1914); *ESCA Corp. v. KPMG Peat Marwick*, 135 Wash.2d 820, 828 (1998) | 26-27 | LOT |
| | | WPI 160.04; Dkt. #213 (Order Re: Motions for Summary Judgment) at 9-10 | 28-29 | Boeing |
| End-of-Trial Instruction No. 27 | Fraudulent Concealment/ Omission – Duty to Disclose | *Van Dinter v. Orr*, 138 P.3d 608, 610 (Wash. 2006); *Colonial Imports, Inc. v. Carlton N.W., Inc.*, 853 P.2d 913, 916-17 (Wash. 1993); *Oates v. Taylor*, 199 P.2d 924, 928 (Wash. 1948); WPI 165.03 | 30-31 | LOT |
| | | WPI 165.03.01 | 31 | Boeing |

| | | | | |
|---|---|---|---|---|
| End-of-Trial Instruction No. 28 | Fraudulent Concealment/ Omission – LOT's Claim as to Boeing's Omissions | 9th Circuit Model Jury Instruction No. 1.5 | 32-34 | LOT |
| End-of-Trial Instruction No. 29 | Fraudulent Concealment/ Omission – Elements | WPI 160.04; WPI 165.02 | 35-37 | LOT |
| | | WPI 160.04; Dkt. #346, Court's Instructions to the Jury, at 30, *Kreidler v. Pixler*, No. 2:06-cv-00697-RSL (W.D. Wash. 2010) (Instruction No. 28: Fraud Claim); Dkt. #213 (Order Re: Motions for Summary Judgment) at 10; *Oates v. Taylor*, 199 P.2d 924, 927 (Wash. 1948) | 37-39 | Boeing |
| End-of-Trial Instruction No. 30 | Damages | 9th Circuit Model Jury Instruction Nos. 1.6, 5.1 | 40-41 | LOT |
| | | 9th Circuit Model Jury Instruction Nos. 5.1-5.2; Dkt. #217 (Order Re: Motions in Limine) at 1-2 | 31-43 | Boeing |

| Verdict Form | Page No. |
|---|---|
| LOT's Proposed Special Verdict Form | 44-49 |
| Boeing's Proposed Special Verdict Form | 49-54 |

## DISPUTED PRELIMINARY INSTRUCTION NO. 4
## AND END-OF-TRIAL INSTRUCTION NO. 3
## LIABILITY OF CORPORATIONS – SCOPE OF AUTHORITY NOT IN ISSUE

**LOT'S** PROPOSED INSTRUCTION

Both of the parties in this action are corporations.   Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Source: Ninth Circuit Model Jury Instruction No. 4.2 (modified to include introductory sentence).

**LOT'S** RESPONSE/OBJECTION TO BOEING'S PROPOSED INSTRUCTION

Boeing's proposed instruction is inappropriate for a preliminary or end-of-trial standard jury instruction as it goes to the substantive law to be applied to LOT's claims.  Additionally, Boeing's proposed modification regarding a corporation's knowledge and intent is overly narrow, as Washington law does not limit corporate fraud to instances where "the individual corporate office making the statement or omission has the requisite level of knowledge and intent at the time he or she makes the statement."   A corporation can be held liable for fraudulent misrepresentation and concealment even if there is no direct communication between the corporate agents who possess the requisite knowledge and intent and the party who, through an intermediary (such as the corporation's sales representatives or corporate-approved marketing materials), receives and is harmed by the misrepresentations or omissions.  *See Johnson v. Harrigan-Peach Dev. Co.*, 489 P.2d 923, 927 (Wash. 1971) (corporation and corporate officers liable for fraud where they "actively participated in setting up the sales program," … "knew of and approved the representations that would be made by the sales representatives," and "instructed the company's sales agents as to what promises should be made in inducing the purchasers"); *see also Haberman v. WPPSS*, 744 P.2d 1032, 1067-68 (Wash. 1987) (liability can be established even "'if the misrepresentation, although not made directly to the other, is made to

JOINT STATEMENT DISPUTED
INSTRUCTIONS - 6
(2:21-CV-01449-RSM)

a third person and the maker … has reason to expect that its terms will be repeated or its substance communicated to the other, and that it will influence his conduct in the transaction'") (quoting *Restatement (Second) of Torts* § 533).

LOT submits that the Court's Order (Dkt #213) does not warrant a divergence from the standard jury instruction on corporate agency. While the Order quotes from Boeing's cited case, *In re Apple Comput., Inc.*, 127 F. App'x 296, 303 (9th Cir. 2005), regarding the scienter requirement for a securities fraud claim, it also quotes from LOT's cited case, *Plywood Marketing Associates v. Astoria Plywood Corp.*, 16 Wn.App. 566, 575 (1975), to set forth the general rule that "a corporate principal is chargeable with notice of facts known to its agent." Dkt #213 at 10. To this end, the Court recognized that the knowledge of either Boeing's "managing agents or speaking agents" is imputable to Boeing. *Id.* at 11. Accordingly, if the Court believes an instruction on a corporation's knowledge and intent is necessary as part of its standard instructions, LOT proposes replacing the final sentence of Boeing's proposed instruction with the following:

> <span style="color:red">A corporation has the same knowledge and intent that any of its managing agents and/or speaking agents have at any point in time.</span>

This alternative is consistent with the Court's Order and other jury instructions given in Washington-law fraud actions. *See Kreidler v. Pixler*, 2:06-cv-00697-RSL, Instruction No. 16 on Corporations, Dkt #346 at 30, (W.D. Wash. 2010) ("A corporation has the same knowledge that any of its officers have at any given point in time.").

## <span style="color:red">BOEING'S</span> PROPOSED INSTRUCTION

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority. <span style="color:red">As I will</span>

advise you later, however, a corporation is deemed to have the requisite knowledge and intent for fraud only if the individual corporate officer making the statement or omission has the requisite level of knowledge and intent at the time that he or she makes the statement.

**Sources:** Ninth Circuit Model Jury Instruction No. 4.2 (modified); Dkt. #213 (Order Re: Motions for Summary Judgment) at 10.

**BOEING'S** RESPONSE/OBJECTION TO LOT'S PROPOSED INSTRUCTION

Instructing the jury that "a corporation [like Boeing] is responsible for the acts of its employees" could risk misleading the jury into believing that a corporation is *always* responsible for the acts of its employees, including for purposes of imputing knowledge and intent from one employee to another in the context of civil fraud claims. That instruction would fail to adequately recognize—as this Court has already concluded—that with respect to such fraud claims (the only claims at issue here), a corporation may be liable "only if the individual corporate officer making the statement has the requisite level of scienter at the time that he or she makes the statement." Dkt. #213 at 10 (quoting *In re Apple Comput., Inc.*, 127 F. App'x 296, 303 (9th Cir. 2005)).

Boeing therefore proposes modifying the model instruction to incorporate this Court's prior ruling and ensure a complete statement of the applicable law. Boeing revised the Court's language only to make it more friendly to the jury, changing "scienter" to "knowledge and intent," *see Scienter*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining "scienter" to include "[a] degree of knowledge" and "[a] mental state consisting in an intent to deceive, manipulate, or defraud[]"), but would not be opposed to using the original term "scienter" if that is the Court's preference.

LOT's objection to the substance of Boeing's addition to the instruction is merely an attempt to relitigate summary judgment. LOT presented its position on scienter to the Court, and the Court rejected it, holding that it "agrees with Boeing that LOT's position overstates Washington law and misapplies it to the facts of this case." Dkt. #213 at 11. LOT also claims that

its proposed alternative is "consistent" with the Court's summary judgment ruling and the instructions given in *Kreidler v. Pixler*. But that is not so; the proposed alternative is in fact created out of whole cloth, misstates the law as articulated in this Court's summary judgment ruling, and is both misleading and confusing. Finally, Boeing does not believe that LOT's proposed addition of a new sentence to the beginning of the instruction is necessary but otherwise does not take a position on whether to include it.

<div align="center">

**DISPUTED PRELIMINARY INSTRUCTION NO. 5**
**AND END-OF-TRIAL INSTRUCTION NO. 4**
**WHAT IS NOT EVIDENCE**

</div>

**LOT'S** **PROPOSED INSTRUCTION**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Over the course of the trial, you will hear certain things that are not evidence and that you may not consider when deciding what the facts are. I will list them for you:

1. Arguments ~~and statements~~ by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. The only time statements made by the lawyers can be considered as evidence in this case is when they lawyers are reading admitted facts into the record. I will advise you when this occurs so that you will be able to distinguish the lawyers' arguments, which are not evidence, from statements of fact, which are evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4. Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source**: Ninth Circuit Model Jury Instruction No. 1.10 (modified as indicated above in red).

**LOT'S** **RESPONSE/OBJECTION TO BOEING'S PROPOSED INSTRUCTION**

In its Motion *in Limine* ("MIL") #9, LOT expressly advised the Court of its intention to, as part of its case in chief, "read admitted facts into the record between witnesses." Dkt # 196 at

JOINT STATEMENT DISPUTED
INSTRUCTIONS - 10
(2:21-CV-01449-RSM)

9. The Court denied LOT's MIL #9 as "moot" based on the final pretrial conference. *See* Dkt #217 at 7. It is LOT's understanding that the Court will permit LOT's counsel to read admitted facts into the record as requested. Accordingly, the standard jury instruction on "What Is Not Evidence" should be clarified to instruct jurors that, while attorney statements are not generally considered evidence, an attorney's reading of "[a] matter admitted under [a Request for Admission] is conclusively established" (Fed. R. Civ. P. 36(b)), and must be considered evidence by the jury.

**BOEING'S** **PROPOSED INSTRUCTION**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4. Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JOINT STATEMENT DISPUTED
INSTRUCTIONS - 11
(2:21-CV-01449-RSM)

**Source:** Ninth Circuit Model Jury Instruction No. 1.10.

**<span style="color:red">BOEING'S</span> RESPONSE/OBJECTION TO LOT'S PROPOSED INSTRUCTION**

LOT proposes to deviate from the Ninth Circuit's model instruction to instruct the jury regarding "lawyers [] reading admitted facts into the record." At this time, however, the Court has not ruled on the admissibility of any such "admitted" facts or the proper mechanism for presenting them to the jury even if it does rule that they are admissible. Moreover, the Ninth Circuit has crafted model instructions that specifically address the "use of requests for admission," *see* Ninth Circuit Model Jury Instruction No. 2.12, which the parties have agreed in principle to include in the instructions in this case, as shown below. LOT is proposing to supplement those instructions as well, but the model instruction in both instances is perfectly adequate and suffices to convey all the necessary and appropriate information to the jury. LOT's request to deviate from the model instruction for "What Is Not Evidence" is therefore premature and duplicative and would risk confusing and misleading the jury.

**DISPUTED PRELIMINARY INSTRUCTION NO. 7
AND END-OF-TRIAL INSTRUCTION NO. 6
DEPOSITION IN LIEU OF LIVE TESTIMONY**

**LOT'S PROPOSED INSTRUCTION**

Some of the sworn testimony you will hear/have heard during trial will be/was shown to you on video because it was pre-recorded at a deposition. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. ~~[When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]~~

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

~~[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]~~

**Sources:** Ninth Circuit Model Jury Instruction No. 2.4 (modified as indicated above in red); Dkt #232 at 2 (clarifying that videotaped deposition testimony can be used for the impeachment of available witnesses and may be used for other justifiable purposes).

**LOT'S RESPONSE/OBJECTION TO BOEING'S PROPOSED INSTRUCTION**

LOT's proposed instruction removes the statement regarding a witness's unavailability—specifically, "When a person is unavailable to testify at trial, the deposition of that person may be used at the trial"—from the standard jury instructions on videotaped deposition testimony. LOT submits that this modification is necessary in light of the Court's ruling that LOT may play the videotaped deposition testimony of available witnesses for purposes of impeachment and for Boeing's "officer, director, managing agent, or Rule 30(b)(6) designee," subject to an explanation as to why "the presentation of such will aid the jury prior to the live testimony of that witness." Dkt #232 at 2.

**BOEING'S PROPOSED INSTRUCTION**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**Source:** Ninth Circuit Model Jury Instruction No. 2.4.

**BOEING'S RESPONSE/OBJECTION TO LOT'S PROPOSED INSTRUCTION**

Boeing does not believe that the first sentence of LOT's proposed instruction, which deviates from the model instruction, is necessary but otherwise takes no position on whether to include it. By contrast, Boeing does object to LOT's deletion of the bracketed sentence at the end of the first paragraph of the model, providing: "When a person is unavailable to testify at trial, the deposition of that person may be used at the trial."

That instruction is appropriate, and there is no basis to exclude it. The parties currently anticipate using the deposition testimony of certain unavailable witnesses. This instruction therefore accurately instructs the jury. LOT asserts that "this modification is necessary in light of the Court's ruling that LOT may play the videotaped deposition testimony of available witnesses" in certain circumstances. But the Court's ruling is clear that it "will not permit this practice" outside of those specific circumstances, Dkt #232 at 2; and nothing in the model instruction—which makes no reference to available witnesses at all—is inconsistent with those limited potential exceptions.

## DISPUTED PRELIMINARY INSTRUCTION NO. 10
## AND END-OF-TRIAL INSTRUCTION NO. 9
## USE OF REQUESTS FOR ADMISSION

**LOT'S PROPOSED INSTRUCTION**

Evidence will be/was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. Over the course of trial, the lawyers [will] read these admitted facts into the record. You must treat these facts as having been proved. As previously mentioned, this is the only time you should consider statements by the lawyers as evidence in this case.

**Source:** Ninth Circuit Model Jury Instruction No. 2.12 (modified as indicated above in red).

**LOT'S RESPONSE/OBJECTION TO BOEING'S PROPOSED INSTRUCTION**

As explained above in LOT's response to Boeing's proposed "What is Not Evidence" instruction it is LOT's understanding that the Court will permit LOT's counsel to read admitted facts into the record as requested. Accordingly, the standard jury instruction on the "Use of Request for Admission" should be clarified to instruct jurors that, while attorney statements are not generally considered evidence, admitted facts recited by attorneys should be treated as facts having been proved. *See* Fed. R. Civ. P. 36(b) ("A matter admitted under [a Request for Admission] is conclusively established.").

**BOEING'S PROPOSED INSTRUCTION**

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

**Source:** Ninth Circuit Model Jury Instruction No. 2.12.

**BOEING'S** **RESPONSE/OBJECTION TO LOT'S PROPOSED INSTRUCTION**

  LOT proposes to deviate from the Ninth Circuit's model instruction to instruct the jury regarding "lawyers" having "read" "admitted facts into the record." At this time, however, the Court has not ruled on the admissibility of any such "admitted" facts or the proper mechanism for presenting them to the jury even if it does rule that they are admissible. And the model instruction, which is directly on point, is perfectly adequate and suffices to convey all the necessary and appropriate information to the jury. LOT's request to deviate from the model instruction is therefore premature and duplicative and would risk confusing and misleading the jury.

**DISPUTED END-OF-TRIAL INSTRUCTION NO. 23**
**FRAUDULENT MISREPRESENTATION –**
**LOT'S CLAIMS AS TO BOEING'S MISREPRESENTATIONS**

**LOT'S PROPOSED INSTRUCTION**

I will now focus on LOT's first claim for fraudulent misrepresentation. As you heard during the trial, LOT claims that Boeing made the following representations to LOT about the B737 MAX aircraft:

a.  Representations that the B737 MAX aircraft was safe;

b.  Representations made between February 2016 and September 2016 that the B737 MAX aircraft was meeting performance commitments;

c.  Representations made between February 2016 and September 2016 that certification of the B737 MAX aircraft was proceeding as planned;

d.  Representations made between February 2016 and September 2016 that there were no issues that threatened the B737 MAX aircraft's entry into service in 2017;

e.  Representations made between February 2016 and September 2016 that the flight tests completed on the B737 MAX were successful and going according to plan;

f.  Representations made between February 2016 and September 2016 that the B737 MAX aircraft would not require pilot-simulator training because Level-B pilot training was sufficient for pilots transitioning to the B737 MAX.

LOT claims that each of these representations was false or misleading and satisfies the nine elements of a fraudulent misrepresentation claim. Boeing denies having made the above representations and/or disputes that the above representations satisfy the nine elements of a fraudulent misrepresentation claim.

I will turn to those nine elements now.

**Source:** Ninth Circuit's Model Jury Instruction No. 1.5 (permitting the court to fashion an instruction summarizing the plaintiff's claims).

**LOT'S RESPONSE/OBJECTION TO BOEING'S PROPOSED INSTRUCTION**

As Boeing acknowledges, its proposed instruction merely repeats the neutral statement of the case, which the Court will already have read to the jury. Contrary to Boeing's contention, LOT's proposal is consistent with the Ninth Circuit's Model Jury Instruction No. 1.5, which gives the Court discretion to fashion the instruction summarizing the plaintiff's claims as appropriate to the facts of the case. *See Loc. 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.*, 189 F.3d 473 (9th Cir. 1999); *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("A party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence."); Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Introduction at p. ii ("The instructions in this Manual are models. … They are not a substitute for the individual research and drafting that may be required in a particular case"). Additionally, while Boeing's proposal provides no guidance to the jury, LOT's proposal will aid the jury in understanding its theory of the case and, to this end, promotes the overall purpose of jury instructions, which is to "give the jurors, in understandable language, information to make the trial more meaningful and to permit them to fulfill their duty of applying the law to the facts as they find them." *Id.* at p. 2, Introductory Comment.

**BOEING'S PROPOSED INSTRUCTION**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, LOT, asserts that [plaintiff's claims] Boeing made certain misrepresentations about the MAX and also concealed certain information about the MAX, in order to induce LOT to enter into the lease agreements for this aircraft. LOT seeks to recover its alleged damages from Boeing based on two causes of action for fraud: (1) fraudulent misrepresentation; and (2) fraudulent concealment. The plaintiff has the burden of proving these claims.

JOINT STATEMENT DISPUTED
INSTRUCTIONS - 18
(2:21-CV-01449-RSM)

The defendant, Boeing, denies those claims. [and also contends that [defendant's counterclaims and/or affirmative defenses]] It maintains that it engaged truthfully and honestly with LOT and that none of the information LOT claims it withheld would have made any difference to LOT's leasing decision. [The defendant has the burden of proof on these [counterclaims and/or affirmative defenses.]]

[The plaintiff denies [defendant's counterclaims and/or affirmative defenses].]

**Source:** Ninth Circuit Model Jury Instruction No. 1.5 (modified).

## BOEING'S RESPONSE/OBJECTION TO LOT'S PROPOSED INSTRUCTION

Ninth Circuit Model Instruction No. 1.5 directs the parties to include a "brief summary" of their claims and defenses. Boeing has done so here. Its proposal follows the model instruction's guidance and briefly summarizes the parties' claims and defenses. Boeing's proposal, in fact, comes *verbatim* from a portion of the Neutral Statement of the Case, which was drafted jointly by the parties. *See* Dkt. #240 (Joint Proposed Neutral Statement of the Case) at 2. The parties therefore have *already* agreed to this brief (neutral) summary of the case. And Boeing's proposal is also consistent with this Court's corresponding instruction in *Beautyko LLC v. Amazon Fulfillment Services, Inc.*, No. 16-00355, Final Jury Instructions, Dkt #130 at 30, (W.D. Wash. 2017) (Instruction No. 2: Claims and Defenses).

By contrast, LOT's proposed instruction is in no way a "brief summary" of its claims and Boeing's defenses. It is, instead, an improper attempt by LOT to submit its evidence to the jury under the guise of a jury instruction. The Court should reject LOT's attempt to turn these jury instructions into dueling statements of the parties' proposed evidence. *See United States v. Goland*, 959 F.2d 1449, 1453 (9th Cir. 1992) ("A trial judge may refuse an instruction if its language gives undue emphasis to [a party]'s version of the facts rather than being 'a statement of appropriate principles of [the] law for the jury to apply to the facts,' or if it would tend to

influence the jury toward accepting the [party]'s version of the facts.") (second alteration in original) (quoting *United States v. Davis*, 597 F.2d 1237, 1240 (9th Cir.1979)); *see also REX – Real Estate Exch., Inc. v. Zillow Grp., Inc.*, No. C21-0312, 2024 WL 197369, at *2 (W.D. Wash. Jan. 18, 2024) (quoting *Davis*).

**DISPUTED END-OF-TRIAL INSTRUCTION NO. 24**
**KNOWLEDGE AND INTENT**

**BOEING'S** PROPOSED INSTRUCTION

    A corporation is deemed to have the requisite knowledge and intent for fraud only if the individual corporate officer making the statement or omission has the requisite level of knowledge and intent at the time that he or she makes the statement or omission.

**Sources:** *See* Dkt. #213 (Order Re: Motions for Summary Judgment) at 10 ("A 'corporation is deemed to have the requisite scienter for fraud only if the individual corporate officer making the statement has the requisite level of scienter at the time that he or she makes the statement.'") (quoting *In re Apple Comput., Inc.*, 127 F. App'x 296, 303 (9th Cir. 2005)); *id.* at 9 (requiring "speaker's knowledge of" fact's "falsity" and "speaker's intent to deceive") (citing *Elcon Constr., Inc. v. E. Wash. Univ.*, 273 P.3d 965, 970 (Wash. 2012); *McRae v. Bolstad*, 676 P.2d 496, 500 (Wash. 1984)); *Scienter*, Black's Law Dictionary (12th ed. 2024) (defining "scienter" to include "[a] degree of knowledge" and "[a] mental state consisting in an intent to deceive, manipulate, or defraud[]").

**LOT'S** RESPONSE/OBJECTION TO BOEING'S PROPOSED INSTRUCTION

    LOT objects to Boeing's proposed instruction because it narrowly construes Washington law in a way that is misleading. Washington law does not limit corporate fraud to instances where "the individual corporate officer making the statement or omission has the requisite level of knowledge and intent at the time he or she makes the statement," as Boeing proposes. Rather, as discussed in LOT's above statement regarding the appropriate instruction for "Liability of Corporations," a corporation can be liable for fraudulent misrepresentation and concealment even if there is no direct contact between the corporate agents who possess the requisite knowledge and intent and the party who, through an intermediary—specifically including through the corporation's sales representatives and/or authorized marketing materials—receives and is harmed by the misrepresentations or omissions. *See Johnson*, 489 P.2d at 927; *Haberman*, 744 P.2d at 1067-68 (quoting *Restatement (Second) of Torts* § 533); *see also Howard v. Tanium, Inc.*, 2024 WL 4003041, *2 (9th Cir. Aug. 30, 2024); *Restatement (Third) of Agency* § 5.03 (2006); .

For the reasons stated above, LOT respectfully submits that the Court's MSJ Order (Dkt #213) does not support Boeing's overly narrow construction of Washington law on fraud or agency. While the Order quotes from *In re Apple Comput., Inc.*, 127 F. App'x at 103, the Court expressly recognized that the knowledge element may be satisfied through Boeing's "managing agents *or* "speaking agents." *Id.* at 11 (emphasis added).

LOT believes the Ninth Circuit's Model Jury Instruction No. 4.2 is sufficient to instruct the jury on the knowledge and intent that can be imputed to Boeing. However, if the Court believes an additional, separate instruction on "Knowledge and Intent" is necessary, LOT proposes the following:

<span style="color:red">A corporation is deemed to have the requisite knowledge and intent for fraud based on the knowledge and intent possessed by the corporation's managing agents and/or the agents who have been authorized to speak on the corporation's behalf.</span>

LOT respectfully submits that this alternative is consistent with the Court's Order (Dkt #213 at 10-11), as well as other jury instructions given in Washington-law fraud actions against corporations. *See Kreidler*, 2:06-cv-00697-RSL, Instruction No. 16 on Corporations, Dkt #346 at 30, (W.D. Wash. 2010) ("A corporation has the same knowledge that any of its officers have at any given point in time.").

**<span style="color:red">BOEING'S</span> RESPONSE/OBJECTION TO LOT'S OBJECTION**

Boeing's instruction simply follows this Court's prior ruling regarding scienter: that "[a] 'corporation is deemed to have the requisite scienter for fraud only if the individual corporate officer making the statement has the requisite level of scienter at the time that he or she makes the statement.'" Dkt. #213 (Order Re: Motions for Summary Judgment) at 10 (quoting *In re Apple Comput., Inc.*, 127 F. App'x 296, 303 (9th Cir. 2005)); *see also id.* at 9 (requiring "speaker's knowledge of" fact's "falsity" and "speaker's intent to deceive") (citing *Elcon Constr., Inc. v. E. Wash. Univ.*, 273 P.3d 965, 970 (Wash. 2012); *McRae v. Bolstad*, 676 P.2d 496, 500 (Wash.

1984)). Boeing revised the Court's language only to make it more friendly to the jury, changing "scienter" to "knowledge and intent," *see Scienter*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining "scienter" to include "[a] degree of knowledge" and "[a] mental state consisting in an intent to deceive, manipulate, or defraud[]"), but would not be opposed to using the original term "scienter" if that is the Court's preference.

Absent this instruction, the jury could incorrectly believe—as LOT argued at summary judgment—that "a corporation is liable for fraud provided that 'at least one' of its agents knows that the information being communicated to the plaintiff is false or misleading." Dkt. #213 at 10 (citation omitted). LOT's objection to this instruction is merely an attempt to relitigate summary judgment. LOT presented its position on scienter to the Court, and the Court rejected it, holding that it "agrees with Boeing that LOT's position overstates Washington law and misapplies it to the facts of this case." Dkt. #213 at 11.

LOT also claims that its proposed alternative is "consistent" with the Court's summary judgment ruling and the instructions given in *Kreidler v. Pixler*. But that is not so; the proposed alternative is in fact created out of whole cloth, misstates the law as articulated in this Court's summary judgment ruling, and is both misleading and confusing.

# DISPUTED END-OF-TRIAL INSTRUCTION NO. 25
## MATERIALITY

**BOEING'S** PROPOSED INSTRUCTION

A representation of an existing fact is "material" if the representation caused LOT to enter the 737 MAX lease transactions. Similarly, a concealment of an existing fact is "material" if the disclosure of that fact would have caused LOT not to enter the 737 MAX lease transactions.

**Source:** WPI 165.02 (modified) (providing that "in cases involving a factual dispute as to whether the defendant's nondisclosure was material to the plaintiff's decision to complete the transaction," the instruction should use the following element: "that the disclosure of this information would have caused (name of plaintiff) to act differently").

**LOT'S** RESPONSE/OBJECTION TO BOEING'S PROPOSED INSTRUCTION

LOT objects to Boeing's proposed instruction because it conflates materiality with reliance and causation. LOT believes its explanation of materiality, which is incorporated into LOT's proposed instructions on the elements of its fraudulent misrepresentation and concealment claims (set forth below), provides a straightforward and clear instruction to the jury on this element. However, to the extent the Court believes an additional, separate instruction on "Materiality" is necessary, LOT proposes the following:

LOT's claims for fraudulent misrepresentation and fraudulent omission require proof that Boeing's misrepresentation or omission concerned a "material" fact. In the circumstances of this case, a fact is "material" if it was a "moving factor" in LOT's decision to lease the 737 MAX.

This alternative instruction tracks with the Court's holding that "Under Washington law, claims for fraud must establish . . . that the representation was a moving factor inducing the purchaser [or lessee] to enter the transaction." Dkt #30 at 10 (quoting *Loehr v. Manning*, 272 P.2d 133, 136 (Wash. 1954)).

**BOEING'S RESPONSE/OBJECTION TO LOT'S OBJECTION**

Boeing's instruction helps avoid juror confusion by explaining the legal term "material." The instruction is drawn directly from the formulation for materiality used in the Washington pattern instructions. The only change Boeing has made to the pattern definition is to provide greater specificity regarding what it would have meant for LOT "to act differently" in this circumstance (the wording used in the pattern instruction), by specifying that the action at issue was "to enter into the 737 MAX lease transaction." This is effectively identical to the formulation ("LOT's decision to lease the B737 MAX") that LOT uses in its proposed alternative instruction. LOT's alternative deviates from the definition in the Washington pattern instructions in other ways, however, without justifying the need for, or appropriateness of, the deviations. Accordingly, it should be rejected in favor of Boeing's version.

## DISPUTED END-OF-TRIAL INSTRUCTION NO. 26
## FRAUDULENT MISREPRESENTATION – ELEMENTS

**LOT'S PROPOSED INSTRUCTION**

To determine whether LOT has proven its claim for fraudulent misrepresentation by clear, cogent, and convincing evidence, you must separately consider each of the representations that Boeing made to LOT (summarized in Instruction No. __, above) and determine if, for that representation, it is highly probable that:

1. Boeing made the statement to LOT representing it as an existing fact at the time it was made;

2. The representation was material, meaning that the representation was a moving factor in LOT's decision to lease the B737 MAX;

3. The representation was false;

4. Boeing knew the representation was false at the time it was made to LOT;

5. LOT did not know that the representation was false;

6. Boeing intended that LOT would act upon the representation as if it were true;

7. It was reasonable for LOT to rely on the representation;

8. LOT did rely on the representation; and

9. LOT was damaged by relying on the representation.

If you find from your consideration of all the evidence that each of these elements has been proved for any one of the above-listed representations that Boeing made to LOT, your verdict should be for LOT on this claim.

To be clear, LOT does not have to prove that every single representation made by Boeing satisfies all nine elements for fraudulent misrepresentation. Boeing is liable for fraudulent misrepresentation if at least one representation satisfies these nine elements.

JOINT STATEMENT DISPUTED
INSTRUCTIONS - 26
(2:21-CV-01449-RSM)

However, if LOT cannot satisfy all nine elements for at least one of Boeing's representations, your verdict should be for Boeing on this claim.

**Sources:** WPI 160.04 (modified for the specific factual circumstances of this case); *Kreidler v. Pixler*, Case No. 2:06-cv-00697-RSL, Court's Instructions to the Jury, Dkt #346 at 30, (W.D. Wash. 2010) (Instruction No. 28: Fraud Claim); *see also Loehr v. Manning*, 272 P.2d 133, 136 (Wash. 1954), for phrasing of materiality element; *Elcon Constr., Inc. v. E. Wash. Univ.*, 174 Wash.2d 157, 166 (2012), *Beckendorf v. Beckendorf*, 76 Wash.2d 457, 462 (1969), and *Raser v. Moomaw*, 78 Wash. 653, 656 (1914), for phrasing of intent element; *ESCA Corp. v. KPMG Peat Marwic*k, 135 Wash.2d 820, 828 (1998) for phrasing of reliance element.

**LOT'S RESPONSE/OBJECTION TO BOEING'S PROPOSED INSTRUCTION**

LOT objects to Boeing's proposed instruction on the elements of fraudulent misrepresentation for the same reasons it objects to Boeing's proposed instructions on "Liability of Corporations," "Knowledge and Intent," and "Materiality." Additionally, Boeing's phrasing on the "intent" element of the claim as an "intent to deceive" suggests a level of malfeasance that is more than what Washington law requires and, accordingly, could confuse the jury as to LOT's burden of proof. In contrast, LOT's proposed instruction is in line with Washington's Pattern Jury Instruction No. WPI 160.04 for fraudulent misrepresentation, including the intent element as being "intent that [the representation] be acted upon by the plaintiff." There is no reason to divert from this language, which adheres to the intent language that the Washington Supreme Court has used for over a century. *See Elcon Constr., Inc. v. E. Wash. Univ.*, 174 Wash.2d 157, 166 (2012); *Beckendorf v. Beckendorf*, 76 Wash.2d 457, 462 (1969); *Raser v. Moomaw*, 78 Wash. 653, 656 (1914).

Further, due to the multiple misrepresentations that LOT intends to present to the jury, LOT believes it is necessary for the jury to understand that Boeing may be found liable for fraud if any one (as opposed to all) of Boeing's representations satisfies the nine elements of fraud. The last three paragraphs of LOT's proposed instruction will ensure that the jury considers each representation against each of the nine elements.

**BOEING'S PROPOSED INSTRUCTION**

  LOT's first fraud claim against Boeing is for fraudulent misrepresentation. A claim for fraudulent misrepresentation is based on a party's statement of fact that is knowingly false. For this claim. LOT has the burden of proving by clear, cogent, and convincing evidence each of the following elements:

1. that a Boeing employee who interacted with LOT made a representation of existing fact to LOT;

2. that the fact represented was material to LOT's decision to lease the 737 MAX;

3. that the representation made by the Boeing employee who interacted with LOT was false;

4. that the Boeing employee who interacted with LOT knew the representation was false at the time it was made to LOT;

5. that LOT did not know that the representation was false;

6. that the Boeing employee who interacted with LOT intended to deceive LOT;

7. that LOT had a right to rely on the truth of the representation;

8. that LOT did rely on the truth of the representation; and

9. that LOT was damaged by its reliance on the representation.

  If you find from your consideration of all the evidence that each of these elements has been proved, your verdict should be for LOT on this claim. On the other hand, if any of these elements has not been proved, your verdict should be for Boeing on this claim.

**Sources:** WPI 160.04 (modified); *see* Dkt. #213 (Order Re: Motions for Summary Judgment) at 9-10.


**BOEING'S RESPONSE/OBJECTION TO LOT'S PROPOSED INSTRUCTION**

  For this proposed instruction, Boeing tracks as closely as possible to the applicable Washington pattern instruction, altering language only to reflect this Court's prior rulings or the parties' agreement.

JOINT STATEMENT DISPUTED
INSTRUCTIONS - 28
(2:21-CV-01449-RSM)

1          For the first, third, fourth, and sixth elements, Boeing proposes adjusting the pattern

2  instruction to clarify that the representation must be made by a Boeing employee who interacted

3  with LOT. That clarification implements this Court's ruling that "[a] 'corporation is deemed to

4  have the requisite scienter for fraud only if the individual corporate officer making the statement

5  has the requisite level of scienter at the time that he or she makes the statement.'" Dkt. #213 at

6  10 (quoting *In re Apple Comput., Inc.*, 127 F. App'x 296, 303 (9th Cir. 2005)).

7          For the second element, Boeing uses the pattern instruction except to incorporate LOT's

8  proposed language that the representation was material to "LOT's decision to lease the B737

9  MAX." LOT's version, however, includes an unnecessary definition of materiality that, as noted

10 above, does not track the definition in the Washington pattern instructions.

11         For the fourth element, Boeing similarly uses language that is very similar to LOT's

12 proposal.

13         For the sixth element, Boeing proposes adjusting the pattern instruction to reflect the

14 Court's ruling that fraud requires proof of "the speaker's intent to deceive." Dkt. #213 at 9.

15         By contrast, LOT provides no justifiable reason for its deviations from the pattern

16 instruction.

**DISPUTED END-OF-TRIAL INSTRUCTION NO. 27**
**FRAUDULENT CONCEALMENT/OMISSION – DUTY TO DISCLOSE**

**LOT'S PROPOSED INSTRUCTION**

LOT's second claim against Boeing is for fraudulent concealment, also called fraud by omission. LOT's claim is that Boeing had a duty to disclose information about the B737 MAX aircraft to LOT and that Boeing breached this duty to disclose by failing to disclose certain information relating to the aircraft. First, I will instruct you on the law that governs whether Boeing owed LOT a duty to disclose.

A duty to disclose arises between parties involved in a business transaction under any of the following circumstances:

a. A relationship of trust and confidence exists or develops between the parties;

b. It becomes necessary for one of the parties to speak to prevent a partial or ambiguous statement from being misleading to the other party;

c. Facts relevant to the business transaction are known by one party and cannot be readily obtained by the other party;

d. One party has specialized and superior knowledge of the facts relevant to the business transaction and the other party is relying on that specialized and superior knowledge; or

e. One party knows a material fact that is not easily discoverable by the other party.

**Sources:** *Van Dinter v. Orr*, 138 P.3d 608, 610 (Wash. 2006); *Colonial Imports, Inc. v. Carlton N.W., Inc.*, 853 P.2d 913, 916-17 (Wash. 1993); *Oates v. Taylor*, 199 P.2d 924, 928 (Wash. 1948); *see also* WPI 165.03.

**LOT'S RESPONSE/OBJECTION TO BOEING'S PROPOSED INSTRUCTION**

Boeing's proposed instruction completely ignores the question of duty that the jury may be asked to decide. Rather than explain the circumstances in which Washington law imposes a duty to disclose on a defendant, as LOT's proposed instruction does, Boeing has inappropriately modified WPI 165.03.01 to direct the jury to consider the knowledge of the individual "Boeing

employee who interacted with LOT." Not only is this contrary to the controlling case law on duty (*see Van Dinter*, 138 P.3d at 610; *Colonial Imports, Inc.*, 853 P.2d at 916-17; *Oates*, 199 P.2d at 928), but Boeing's proposed instruction is, once again, misleading in that it improperly narrows the knowledge and intent element of fraud in the corporate context. *See supra*, LOT's Responses/Objections to Boeing's Proposed Instructions on "Liability of Corporations," "Materiality," and "Knowledge and Intent."

**BOEING'S** PROPOSED INSTRUCTION

LOT has the burden of proving that Boeing owed a duty to disclose information to LOT.

In deciding whether this burden has been met, you are to consider whether the following fact has been proved: that a Boeing employee who interacted with LOT knew of a material, existing fact regarding the 737 MAX that should have been disclosed to LOT.

**Sources:** WPI 165.03.01 (Duty to Disclose—Mixed Issues of Fact and Law).

**BOEING'S** RESPONSE/OBJECTION TO LOT'S PROPOSED INSTRUCTION

Boeing does not believe that a separate duty to disclose instruction is called for in this case, as the elements of Boeing's proposed "fraudulent concealment—elements" instruction already encompass the relevant factors and because providing a separate duty instruction is redundant and risks confusing the jury. In the event the Court believes that a duty to disclose instruction is warranted, however, Boeing proposes that this instruction—which is based on the Washington practice instruction and this Court's rulings—be given instead of LOT's alternative, which introduces a number of factors that are not in dispute and risks compounding the jury confusion.

**DISPUTED END-OF-TRIAL INSTRUCTION NO. 28**
**FRAUDULENT CONCEALMENT/OMISSION –**
**LOT'S CLAIM AS TO BOEING'S OMISSIONS**

**LOT'S PROPOSED INSTRUCTION**

LOT's claim for fraudulent concealment is based on its contention that Boeing breached the duty to disclose that it owed to LOT by failing to tell LOT about/that:

    a.  Differences between the 737MAX and its predecessor, the 737NG, with an impact on safety;

    b.  The 737 MAX incorporated a new flight-control law (MCAS) never before used on any Boeing passenger aircraft without safeguards to prevent it from repeatedly driving the nose of the aircraft down toward the ground, without pilot input, during passenger operations.

    c.  Boeing's February 2016 flight tests revealed unacceptable handling characteristics that had the potential to impact the timely certification, entry into service, and delivery of 737 MAX aircraft to LOT;

    d.  The 737 MAX's handling qualities were uncertifiable as of April 2016 and continued to present a risk to certification throughout the time Boeing was marketing the B737 MAX to LOT as the right aircraft for LOT's near-term narrowbody needs;

    e.  Boeing achieved certification of the 737 MAX without eliminating the risks associated with MCAS's single-point failure design.

    f.  MCAS activation by erroneous data was an unsafe condition that: (i) was anticipated to occur in the life of the fleet, (ii) was not likely to be detected by flight crew, and (iii) brought the airplane within one foreseeable failure of a catastrophic event.

    g.  Boeing concealed the expansion of MCAS from the FAA AEG in order to secure Level B differences training approval.

    h.  Level B differences training was insufficient for safe operation of the 737 MAX.

LOT contends that Boeing's failure to provide LOT with each of the above categories of information was misleading and satisfies the elements of a fraudulent concealment claim.

JOINT STATEMENT DISPUTED
INSTRUCTIONS - 32
(2:21-CV-01449-RSM)

**Source:** Ninth Circuit's Model Jury Instruction No. 1.5 (modified to summarize LOT's specific claims).

**LOT'S RESPONSE TO BOEING'S OBJECTION**

Boeing contends that LOT's proposed instruction summarizing the omissions on which LOT's fraudulent concealment claim is based should not be read to the jury. However, as explained above, LOT believes its proposal is consistent with the Ninth Circuit's Model Jury Instruction No. 1.5, which gives the Court discretion to fashion an instruction summarizing the plaintiff's claims as appropriate to the factual circumstances of the case. *See Loc. 159, 342, 343 & 444*, 189 F.3d 473; *see also Jones*, 297 F.3d at 934 ("A party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence."); Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Introduction at p. ii ("The instructions in this Manual are models. … They are not a substitute for the individual research and drafting that may be required in a particular case").

Additionally, Boeing's proposal to use the Neutral Statement of the Case rather than an instruction on LOT's claims will not aid in the jury's deliberations. In contrast, LOT's proposal is intended to assist the jury in understanding its theory of the case and, to this end, promotes the overall purpose of jury instructions, which is to "give the jurors, in understandable language, information to make the trial more meaningful and to permit them to fulfill their duty of applying the law to the facts as they find them." *Id.* at p. 2, Introductory Comment.

**BOEING'S RESPONSE/OBJECTION TO LOT'S PROPOSED INSTRUCTION**

Boeing already proposes above an instruction based on Ninth Circuit Model Instruction No. 1.5, which allows the parties to provide a "brief summary" of their claims and defenses. Boeing's proposed instruction there would summarize *both* of LOT's claims, so the Court will not need to instruct the jury on LOT's claims *separately*—as LOT proposes here. And, as

explained above, the summary that Boeing proposes comes verbatim from the parties' joint Neutral Statement of the Case and is consistent with this Court's approach in *Beautyko*.

By contrast, LOT's proposed instruction is in no way a "brief summary" of its claims and Boeing's defenses. It is, instead, an improper attempt by LOT to submit its evidence to the jury under the guise of a jury instruction. The Court should reject LOT's attempt to turn these jury instructions into dueling statements of the parties' proposed evidence. *See United States v. Goland*, 959 F.2d 1449, 1453 (9th Cir. 1992) ("A trial judge may refuse an instruction if its language gives undue emphasis to [a party]'s version of the facts rather than being 'a statement of appropriate principles of [the] law for the jury to apply to the facts,' or if it would tend to influence the jury toward accepting the [party]'s version of the facts.") (second alteration in original) (quoting *United States v. Davis*, 597 F.2d 1237, 1240 (9th Cir.1979)); *see also REX – Real Estate Exch., Inc. v. Zillow Grp., Inc.*, No. C21-0312, 2024 WL 197369, at *2 (W.D. Wash. Jan. 18, 2024) (quoting *Davis*).

**DISPUTED END-OF-TRIAL INSTRUCTION NO. 29**
**FRAUDULENT CONCEALMENT/OMISSION – ELEMENTS**

**LOT'S PROPOSED INSTRUCTION:[2]**

To determine whether LOT has proven its claim for fraudulent concealment or omission by clear, cogent, and convincing evidence, you must separately consider each of the omissions listed in Instruction No. ___ and determine if, for each omission, it is highly probable that:

1. Boeing had a duty to disclose the information to LOT (see Instruction No. ___ for duty to disclose);

2. Boeing failed to disclose the information to LOT;

3. The information concerned an existing fact that was known to Boeing at the time it was withheld from LOT;

4. The information concerned a fact basic to LOT's B737 MAX transactions or that was material (*i.e.*, a moving factor) to LOT's decision to lease the B737 MAX;

5. LOT had no knowledge of the concealed information;

6. Boeing's intent for withholding the information from LOT was to induce LOT to lease the B737 MAX;

7. It was reasonable for LOT to believe that Boeing was not withholding the information;

8. If the concealed information had been disclosed, LOT would have behaved differently;

---

[2] Notwithstanding LOT's proposed instruction on the elements of its fraudulent concealment/omission claim, which LOT submits is consistent with the Court's Order (Dkt #213 at 10), LOT preserves its right to argue that a claim for fraudulent concealment/omission under Washington law may be proven by clear, cogent and convincing evidence that Boeing "had an affirmative duty to disclose and breached an affirmative duty to disclose a material fact." *Crisman v. Crisman*, 85 Wash.App. 15, 21 (1997); *Cedar Grove Packaging, LLC v. Eco-Products, PBC*, 2025 WL 1530576, *5 (W.D. Wash. Jan. 29, 2025) ("[C]ourts in this District and the most recent state court case law dictat[e] that a plaintiff may … simply show that the defendant breached an affirmative duty to disclose a material fact"); *Sloan v. Thompson*, 128 Wash.App. 776, 787 (2005) ("'[T]he Washington Supreme Court … has stated, intent is not an element of a cause of action for fraudulent concealment.'") (citing *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wash.2d 506, 523 (1990)); *JAS Supply, Inc. v. Radiant Customs Servs., Inc.*, 2023 WL 7653250, *15 (W.D. Wash. Nov. 15, 2023) ("Defendants' argument that it never knowingly provided false information does not relieve it of its separate affirmative disclosure duty").

9.  LOT was damaged by Boeing's failure to disclose the information.

If you find from your consideration of all the evidence that each of these elements has been proved for any one of the categories of concealed information listed in Instruction No. __, your verdict should be for LOT on this claim.

To be clear, LOT does not have to prove that each category of undisclosed information satisfies all nine elements for fraudulent concealment.  You may find that Boeing is liable for fraudulent concealment based on the withholding of a single piece of information so long as all nine elements are met with respect to that piece of information.

However, if LOT cannot satisfy all nine elements for at least one of Boeing's omissions, your verdict should be for Boeing on this claim

**Sources:** WPI 160.04 (modified for a fraud claim based on concealment/omission); WPI 165.02 (comments on phrasing of instruction in the context of a non-disclosure).

### LOT'S RESPONSE/OBJECTION TO BOEING'S PROPOSED INSTRUCTION

LOT objects to Boeing's proposed instruction on the elements of fraudulent concealment for the same reasons it objects to Boeing's proposed instructions on "Liability of Corporations," "Knowledge and Intent," and "Materiality."  Moreover, the phrasing of Boeing's proposed instruction is confusing and could be misunderstood by the jury.  For example, Boeing's proposed element #3—"the fact concealed was equivalent of making a false statement of fact"—would not make sense to a lay person who lacks familiarity with Washington jurisprudence comparing affirmative misrepresentation and concealment claims.  Likewise, Boeing's proposed elements #7 and 8 concerning reliance in the context of an omissions make little sense, as a plaintiff cannot rely on something it has no knowledge of.  *See* WPI 165.02 (Comment on Reliance/Causation).

In contrast, LOT submits that its proposed instruction adheres to this Court's ruling that LOT can prove Boeing's liability for fraudulent concealment by establishing that Boeing owed a duty to disclose to LOT and satisfying the eight other elements of fraudulent misrepresentation.

*See* Dkt #213 at 10. Contrary to Boeing's argument below, LOT's proposal appropriately modifies the eight other elements of fraudulent misrepresentation for a fraudulent concealment/omission claim. *See* WPI 160.04; Dkt #213 at 10. While Boeing contends that LOT's proposed instruction "omits important elements such as knowledge, intent, and falsity," this is demonstrably false. LOT expressly incorporates knowledge and intent in #3 and #6 of its proposed instruction. With respect to "falsity," Boeing fails to appreciate that it would be confusing and improper to use this terminology in the context of a concealment claim, which is based on the truth of the information withheld, not on its falsity.

Additionally, due to the multiple omissions that LOT intends to present to the jury, LOT believes it is necessary for the jury to understand that Boeing may be found liable for fraudulent concealment if any one (as opposed to all) of Boeing's omissions satisfies the elements of fraud. The last three paragraphs of LOT's proposed instruction will assist the jury in understanding what it must consider in this regard.

**<span style="color:red">BOEING'S</span> PROPOSED INSTRUCTION**

LOT's second fraud claim against Boeing is for fraudulent concealment. A claim for fraudulent concealment is based on a party's knowing concealment of a material fact that is the equivalent of making a false statement of fact. For this claim, LOT has the burden of proving by clear, cogent, and convincing evidence each of the following elements:

1. A Boeing employee who interacted with LOT concealed an existing fact from LOT;

2. The fact concealed was material to LOT's decision to lease the 737 MAX;

3. The fact concealed was the equivalent of making a false statement of fact;

4. The Boeing employee who interacted with LOT knew at the time of concealing the fact that doing so would be the equivalent of making a false statement of fact;

5. LOT did not know that the fact was concealed by the Boeing employee who interacted with LOT;

6. The Boeing employee who interacted with LOT intended to deceive LOT by concealing the fact;

7. LOT had a right to rely on the Boeing employee's concealment of the fact;

8. LOT did rely on the Boeing employee's concealment of the fact; and

9. LOT was damaged by its reliance on the Boeing employee's concealment of the fact.

If you find from your consideration of all the evidence that each of these elements has been proved, your verdict should be for LOT on this claim. On the other hand, if any of these elements has not been proved, your verdict should be for Boeing on this claim.

**Sources:** WPI 160.04 (modified); Dkt. #346, Court's Instructions to the Jury, at 30, *Kreidler v. Pixler*, Case No. 2:06-cv-00697-RSL (W.D. Wash. 2010) (Instruction No. 28: Fraud Claim); *see also* Dkt. #213 (Order Re: Motions for Summary Judgment) at 10; *Oates v. Taylor*, 199 P.2d 924, 927 (Wash. 1948).

## BOEING'S RESPONSE/OBJECTION TO LOT'S PROPOSED INSTRUCTIONS

Because the Washington pattern instructions do not include a *specific* pattern instruction for claims of fraudulent concealment, Boeing has used the pattern instruction for claims of fraudulent misrepresentation as the base for this proposed instruction.

That approach is consistent with this Court's summary judgment ruling, holding that "[a] fraud claim 'may also be predicated on concealment,' but only 'where there is a duty to disclose.'" Dkt. #213 at 10 (citation omitted). "Merely establishing the existence of such a duty, however, does not suffice to prove fraud unless the other eight elements of fraud are also established." *Id.* Boeing's approach is also consistent with a jury instruction that Judge Lasnik gave in another fraud-concealment case. *See* Court's Instructions to the Jury, at 30 (Instruction No. 28: Fraud Claim), *Kreidler v. Pixler*, No. 2:06-cv-00697 (W.D. Wash. 2010), Dkt. #346. There, Judge Lasnik instructed the jury on the plaintiff's claim that the defendants "committed fraud by failing to disclose and/or concealing" certain information, *id.*, using the pattern instruction for fraudulent misrepresentation—as Boeing has largely done here, with modest revisions either to make the instruction more jury friendly or to reflect this Court's rulings. And Boeing's approach is

consistent with Washington law, which recognizes that fraudulent misrepresentation and fraudulent concealment are two sides of the same coin: "It is well settled that the suppression of a material fact which a party is bound in good faith to disclose is equivalent to a false representation." *Oates v. Taylor*, 199 P.2d 924, 927 (Wash. 1948) (quoting 37 C.J.S. Fraud § 16a).

LOT, by contrast, deviates from the Washington pattern instruction for fraudulent misrepresentation in a number of significant ways without adequate justification. The only support LOT identifies for these deviations is the Washington pattern instruction for *negligent* misrepresentation. But that pattern instruction corresponds to a claim this Court *dismissed* on summary judgment, contains only five (rather than nine) elements, and omits important elements such as knowledge, intent, and falsity—and thus is not an appropriate model for fraudulent concealment. In addition, LOT wrongly rejects this Court's ruling on summary judgment that fraud requires proof of "the speaker's intent to deceive." Dkt. #213 at 9.

**DISPUTED END-OF-TRIAL INSTRUCTION NO. 30**
**DAMAGES**

**LOT'S** **PROPOSED INSTRUCTION**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

If you find for LOT on one or both of its claims for fraudulent misrepresentation and fraudulent concealment, you must determine LOT's damages.

Damages means the amount of money that will reasonably and fairly compensate LOT for any harm you find was caused by Boeing's fraudulent misrepresentation and/or fraudulent concealment.

In this case, LOT claims that it sustained the following types of damages:

a. Costs for maintaining and overseeing LOT's B737 MAX aircraft during the grounding;

b. Cost of acquiring substitute aircraft for LOT's fifteen grounded B737 MAX aircraft;

c. The higher cost of having to operate substitute aircraft that were less efficient and less reliable than the B737 MAX; and

d. Lost profits due to the lack of aircraft capacity to execute LOT's growth plan.

LOT has the burden of proving each of these categories of damages by a preponderance of the evidence. Preponderance of the evidence means that the damages claimed are more probably true than not true.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Source:** Ninth Circuit Model Jury Instruction Nos. 1.6, 5.1 (modified to reflect the specific damages LOT is claiming).

JOINT STATEMENT DISPUTED
INSTRUCTIONS - 40
(2:21-CV-01449-RSM)

**LOT'S RESPONSE/OBJECTION TO BOEING'S PROPOSED INSTRUCTION**

LOT objects to Boeing's proposed instruction—specifically, the fourth paragraph instructing the jury on what they should and should not consider in determining LOT's damages. Boeing's proposed instruction improperly suggests that Boeing is entitled to benefit from its fraud. This is not allowed under Washington law. *See Cook v. State*, 521 P.2d 725, 729 (Wash. 1974) (permitting a party to benefit from its own wrong, "would not be consistent with [the] traditional conception of fair play and substantial justice") (internal citations and quotation marks omitted); *see also* Dkt #217 at 1-2 ("If Boeing strays into arguing that LOT could not have profited from the use of functional 737 MAX planes during the pandemic, it may violate [Washington's collateral source rule]").

**BOEING'S PROPOSED INSTRUCTION**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for LOT on one or both of its claims for fraudulent misrepresentation and fraudulent concealment, you must determine LOT's damages.

Damages means the amount of money that will reasonably and fairly compensate LOT for any injury you find was caused by Boeing's fraudulent misrepresentation and/or fraudulent concealment.

In determining the measure of damages, you should consider the following: the reasonable value of the costs LOT would have incurred (or revenue earned) had Boeing's fraud not occurred, compared to the value of the costs LOT actually has incurred (or revenue earned) as a result of Boeing's fraud having happened, reduced by any benefit LOT has received due to Boeing's fraud.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Sources:** Ninth Circuit Model Jury Instruction Nos. 5.1-5.2 (modified); *see* Dkt. #217 (Order Re: Motions in Limine) at 1-2 ("If Boeing intends to argue only that LOT's unpaid lease payments should be factored into the damages calculation, this is a benefit received by the injured party due to the wrongdoers' conduct and permissible under Washington's collateral source rule.").

## BOEING'S RESPONSE/OBJECTION TO LOT'S PROPOSED INSTRUCTIONS

For this proposed instruction, Boeing has tracked as closely as possible to the model instructions, except to adapt the language to LOT's specific damages claim.

For example, the first, second, third, fifth, and sixth paragraphs above come almost directly from Ninth Circuit Model Jury Instruction No. 5.1. The remaining paragraph—the fourth—comes from Ninth Circuit Model Jury Instruction No. 5.2. From that model instruction, Boeing has included the applicable categories of potential damages, based on the list of bracketed items included in that model instruction. The wording of the fourth paragraph is drawn almost verbatim from the expert report of *LOT's* own damages expert Samuel Engel, *see* Dkt. #142 (Engel Report) at 18-19, and also quotes directly from this Court's ruling on LOT's motions in limine, *see* Dkt. #217 (Order Re: Motions in Limine) at 1-2 ("If Boeing intends to argue only that LOT's unpaid lease payments should be factored into the damages calculation, this is a benefit received by the injured party due to the wrongdoers' conduct and permissible under Washington's collateral source rule."). Boeing's proposed instruction is also consistent with this Court's approach in *Beautyko*, No. 16-00355 (Instruction No. 14).

As it has done with other proposed instructions, LOT impermissibly attempts to use this proposed instruction to submit its evidence to the jury under the guise of a jury instruction. The Court should reject LOT's attempt to turn these jury instructions into dueling statements of the parties' proposed evidence. *See United States v. Goland*, 959 F.2d 1449, 1453 (9th Cir. 1992) ("A trial judge may refuse an instruction if its language gives undue emphasis to [a party's]

version of the facts rather than being 'a statement of appropriate principles of [the] law for the jury to apply to the facts,' or if it would tend to influence the jury toward accepting the [party]'s version of the facts.") (second alteration in original) (quoting *United States v. Davis*, 597 F.2d 1237, 1240 (9th Cir.1979)); *see also REX – Real Estate Exch., Inc. v. Zillow Grp., Inc.*, No. C21-0312, 2024 WL 197369, at *2 (W.D. Wash. Jan. 18, 2024) (quoting *Davis*).

**DISPUTED SPECIAL VERDICT SHEETS**

**LOT'S** **PROPOSED SPECIAL VERDICT FORM**

We the jury in the case of *Polskie Linie Lotnicze LOT S.A. v. The Boeing Company* find the following Special Verdict on the questions submitted to us:

**FRAUDULENT MISREPRESENTATION – LIABILITY**

Question 1:   Did Boeing make a representation of an existing fact about the B737 MAX to LOT?

Yes ___ No ___

If your answer is "Yes," proceed to Question 2.  If your answer is "No," skip to Question 10.

Question 2:   Did Boeing's representation concern a fact that was material to LOT?

Yes ___ No ___

If your answer is "Yes," proceed to Question 3.  If your answer is "No," skip to Question 10.

Question 3:   Was Boeing's representation false?

Yes ___ No ___

If your answer is "Yes," proceed to Question 4.  If your answer is "No," skip to Question 10.

Question 4:   Did Boeing know that the representation was false at the time the representation was made?

Yes ___ No ___

If your answer is "Yes," proceed to Question 5.  If your answer is "No," skip to Question 10.

Question 5:   Did LOT know that Boeing's representation was false?

No ___ Yes ___

If your answer is "No" (*i.e.*, LOT did not know that Boeing's representation was false), proceed to Question 6. If your answer is "Yes" (*i.e.*, LOT did know that Boeing's representation was false), skip to Question 10.

Question 6: Did Boeing make the representation with the intent that LOT would act upon it?

Yes ___ No ___

If your answer is "Yes," proceed to Question 7. If your answer is "No," skip to Question 10.

Question 7: Was it reasonable for LOT to rely on Boeing's representation as if it were true?

Yes ___ No ___

If your answer is "Yes," proceed to Question 8. If your answer is "No," skip to Question 10.

Question 8: Did LOT rely on Boeing's representation?

Yes ___ No ___

If your answer is "Yes," proceed to Question 9. If your answer is "No," skip to Question 10.

Question 9: Did LOT sustain damages as the result of relying on Boeing's representation?

Yes ___ No ___

Proceed to Question 10.

**FRAUDULENT CONCEALMENT/NON-DISCLOSURE – LIABILITY**

Question 10: Did Boeing have a duty to disclose information about the 737 MAX to LOT?

Yes ___ No ___

If your answer is "Yes," proceed to Question 11. If your answer is "No," skip to Question 19.

Question 11: Did Boeing fail to disclose information about the 737 MAX to LOT?

JOINT STATEMENT DISPUTED
INSTRUCTIONS - 45
(2:21-CV-01449-RSM)

Yes ___ No ___

If your answer is "Yes," proceed to Question 12. If your answer is "No," skip to Question 19.

Question 12: Did the information that Boeing withheld from LOT concern an existing fact that was known to Boeing at the time it was withheld from LOT?

Yes ___ No ___

If your answer is "Yes," proceed to Question 13. If your answer is "No," skip to Question 19.


Question 13: Did the information that Boeing withheld from LOT concern a fact that was basic to LOT's 737 MAX transactions or that was material (*i.e.*, a moving factor) to LOT's decision to lease the 737 MAX?

Yes ___ No ___

If your answer is "Yes," proceed to Question 14. If your answer is "No," skip to Question 19.


Question 14: Did LOT have knowledge of the information that was being withheld by Boeing?

No ___ Yes ___

If your answer is "No," proceed to Question 15. If your answer is "Yes," skip to Question 19.


Question 15: Was Boeing's intent for withholding the information from LOT to induce LOT to lease the 737 MAX?

Yes ___ No ___

If your answer is "Yes," proceed to Question 16. If your answer is "No," skip to Question 19.


Question 16: Was it reasonable for LOT to believe that Boeing was not withholding facts from LOT that were relevant to LOT's decision to lease the 737 MAX?

Yes ___ No ___

If your answer is "Yes," proceed to Question 17. If your answer is "No," skip to Question 19.

Question 17: If the concealed information had been disclosed to LOT, would LOT have behaved

differently?

Yes ___ No ___

If your answer is "Yes," proceed to Question 18.  If your answer is "No," skip to Question 19.


Question 18:  Was LOT damaged by Boeing's failure to disclose the information to LOT?

Yes ___ No ___

Proceed to Question 19.

## **VERDICT AS TO LIABILITY**

Question 19:  Did you answer "Yes" to Question 9 and/or Question 18?

Yes ___ No ___

If your answer is "Yes," then your verdict is for LOT and you may proceed to Question 20.  If

your answer is "No," then your verdict is for Boeing and you should not proceed further except

to date and sign this verdict form and return it to the courtroom.


## **VERDICT AS TO DAMAGES**

Question 20:  What is the total amount of damages that LOT sustained as a result of Boeing's

fraudulent misrepresentation and/or concealment?

$_____ TOTAL

Proceed to Question 21.


Question 21:  Please allocate the damages you found that LOT sustained for each of the

following categories of damages (the amounts should add up to LOT's total

damages):


JOINT STATEMENT DISPUTED
INSTRUCTIONS - 47
(2:21-CV-01449-RSM)

a. Costs for maintaining and overseeing LOT's
B737 MAX aircraft during the grounding:           $_____

b. Cost of acquiring substitute aircraft for LOT's
fifteen grounded B737 MAX aircraft:               $_____

c. The higher cost of having to operate substitute
aircraft that were less efficient and less
reliable than the B737 MAX:                       $_____

d. Lost profits due to the lack of aircraft capacity
to execute LOT's operating plan:                  $_____

TOTAL:          $_____

If you allocated damages in categories (a) or (b), proceed to Question 22.  If you did not

allocate damages in categories (a) and (b), you should not proceed further except to date and

sign this verdict form and return it to the courtroom.


Question 22:  For the damages you allocated in categories a and b in Question 21, did LOT begin

accruing those damages on March 12, 2019, the date EASA's 737 MAX grounding

order went into effect?

Yes ___ No ___

If your answer is "Yes," then you may sign this verdict form and return it to the courtroom.  If

your answer is "No," please provide the date that LOT began accruing those damages: _____.


No further questions. Please sign and return this form to the courtroom.
Foreperson:  _____

**LOT'S RESPONSE/OBJECTION TO BOEING'S PROPOSED SPECIAL VERDICT FORM**

LOT's Proposed Special Verdict Form adheres to LOT's proposed jury instructions on the substantive law governing LOT's claims. LOT believes that its proposed jury instructions and verdict sheet accurately reflect Washington law; use clear and understandable language that will aid the jury during its deliberations; and are fair to Boeing, as they require the jury to consider each element of LOT's claims.

LOT objects to Boeing's Proposed Special Verdict Form for the same reasons it objects to Boeing's proposed jury instructions regarding the elements of LOT's claims for fraudulent misrepresentation and fraudulent concealment. Boeing's Proposed Special Verdict Form incorporates the language from its proposed jury instructions that conflicts with Washington law and/or is unnecessarily confusing to the jury and could lead to an incorrect verdict.

**BOEING'S PROPOSED SPECIAL VERDICT FORM**

We the jury in the case of *Polskie Linie Lotnicze LOT, S.A. v. The Boeing Company* answer the questions submitted to us as follows:

## FRAUDULENT MISREPRESENTATION – LIABILITY

**Question 1:** Do you find by clear, cogent, and convincing evidence that a Boeing employee who interacted with LOT made a representation of existing fact to LOT?

Yes ___ No ___

If your answer is "Yes," proceed to Question 2. If your answer is "No," skip to Question 10.

**Question 2:** Do you find by clear, cogent, and convincing evidence that the fact represented was material to LOT's decision to lease the 737 MAX?

Yes ___ No ___

JOINT STATEMENT DISPUTED
INSTRUCTIONS - 49
(2:21-CV-01449-RSM)

If your answer is "Yes," proceed to Question 3.  If your answer is "No," skip to Question 10.

**Question 3:**  Do you find by clear, cogent, and convincing evidence that the representation made by the Boeing employee who interacted with LOT was false?

Yes ___ No ___

If your answer is "Yes," proceed to Question 4.  If your answer is "No," skip to Question 10.

**Question 4:**  Do you find by clear, cogent, and convincing evidence that the Boeing employee who interacted with LOT knew the representation was false at the time it was made to LOT?

Yes ___ No ___

If your answer is "Yes," proceed to Question 5.  If your answer is "No," skip to Question 10.

**Question 5:**  Do you find by clear, cogent, and convincing evidence that LOT did not know that the representation was false?

Yes ___ No ___

If your answer is "Yes," proceed to Question 6.  If your answer is "No," skip to Question 10.

**Question 6:**  Do you find by clear, cogent, and convincing evidence that the Boeing employee who interacted with LOT intended to deceive LOT?

Yes ___ No ___

If your answer is "Yes," proceed to Question 7.  If your answer is "No," skip to Question 10.

**Question 7:**  Do you find by clear, cogent, and convincing evidence that LOT had a right to rely on the truth of the representation?

Yes ___ No ___

If your answer is "Yes," proceed to Question 8. If your answer is "No," skip to Question 10.

**Question 8:** Do you find by clear, cogent, and convincing evidence that LOT did rely on the truth of the representation?

Yes ___ No ___

If your answer is "Yes," proceed to Question 9. If your answer is "No," skip to Question 10.

**Question 9:** Do you find by clear, cogent, and convincing evidence that LOT was damaged by its reliance on the representation?

Yes ___ No ___

Proceed to Question 10.

## <u>FRAUDULENT CONCEALMENT – DUTY TO DISCLOSE</u>

**Question 10:** Do you find by clear, cogent, and convincing evidence that a Boeing employee who interacted with LOT knew of a material, existing fact regarding the 737 MAX that should have been disclosed to LOT?

Yes ___ No ___

If your answer is "Yes," proceed to Question 11. If your answer is "No," skip to Question 20.

## <u>FRAUDULENT CONCEALMENT – LIABILITY</u>

**Question 11:** Do you find by clear, cogent, and convincing evidence that a Boeing employee who interacted with LOT concealed an existing fact from LOT?

Yes ___ No ___

If your answer is "Yes," proceed to Question 12. If your answer is "No," skip to Question 20.

**Question 12:** Do you find by clear, cogent, and convincing evidence that the fact concealed was material to LOT's decision to lease the 737 MAX?

Yes ____ No ____

If your answer is "Yes," proceed to Question 13. If your answer is "No," skip to Question 20.

**Question 13:** Do you find by clear, cogent, and convincing evidence that the fact concealed was the equivalent of making a false statement of fact?

Yes ____ No ____

If your answer is "Yes," proceed to Question 14. If your answer is "No," skip to Question 20.

**Question 14:** Do you find by clear, cogent, and convincing evidence that the Boeing employee who interacted with LOT knew at the time of concealing the fact that doing so would be the equivalent of making a false statement of fact?

Yes ____ No ____

If your answer is "Yes," proceed to Question 15. If your answer is "No," skip to Question 20.

**Question 15:** Do you find by clear, cogent, and convincing evidence that LOT did not know that the fact was concealed by the Boeing employee who interacted with LOT?

Yes ____ No ____

If your answer is "Yes," proceed to Question 16. If your answer is "No," skip to Question 20.

**Question 16:** Do you find by clear, cogent, and convincing evidence that the Boeing employee who interacted with LOT intended to deceive LOT by concealing the fact?

Yes ____ No ____

If your answer is "Yes," proceed to Question 17. If your answer is "No," skip to Question 20.

**Question 17:** Do you find by clear, cogent, and convincing evidence that LOT had a right to rely on the Boeing employee's concealment of the fact?

       Yes ___ No ___

If your answer is "Yes," proceed to Question 18. If your answer is "No," skip to Question 20.

**Question 18:** Do you find by clear, cogent, and convincing evidence that LOT did rely on the Boeing employee's concealment of the fact?

       Yes ___ No ___

If your answer is "Yes," proceed to Question 19. If your answer is "No," skip to Question 20.

**Question 19:** Do you find by clear, cogent, and convincing evidence that LOT was damaged by its reliance on the Boeing employee's concealment of the fact?

       Yes ___ No ___

Proceed to Question 20.

## <u>VERDICT AS TO LIABILITY</u>

**Question 20:** Did you answer "Yes" to all of Questions 1 through 9 and/or all of Questions 10 through 19?

       Yes ___ No ___

If your answer is "Yes," then proceed to Question 21. If your answer is "No," do not proceed further except to date and sign this verdict form and return it to the courtroom.

## <u>VERDICT AS TO DAMAGES</u>

**Question 21:** What if any amount of damages did LOT prove on its claim of fraudulent misrepresentation or its claim of fraudulent concealment (or both)?

$_____ TOTAL

No further questions. Please sign and return this form to the courtroom.

Foreperson: _____

## **BOEING'S** RESPONSE/OBJECTION TO LOT'S PROPOSED SPECIAL VERDICT FORM

Boeing notes that while the substance of the parties' proposed special verdict forms differs substantially, the format and sequence of the questions is almost identical.

In terms of substance, Boeing has crafted its proposed verdict form to follow the form of its proposed instructions for the fraudulent misrepresentation and fraudulent concealment claims. Boeing therefore respectfully refers the Court to those instructions, which provide Boeing's explanations for the framing of those instructions and Boeing's objections to LOT's proposed language. In addition to those objections, LOT's proposed verdict form here misstates the law and would mislead the jury by asking whether "Boeing ha[d] a duty to disclose information about the 737 MAX to LOT" and "Boeing fail[ed] to disclose information about the 737 MAX to LOT." A finding of fraud based on a theory of fraudulent concealment, however, requires the jury to find both a duty to disclose specific information and the concealment of that same information. LOT's framing of these elements is accordingly vague and misleading, and its proposed verdict form should be rejected for this as well as the additional reasons set forth in Boeing's objections.

Dated: October 27, 2025

Respectfully submitted,

By: */s/ Anthony U. Battista*

Anthony U. Battista (admitted pro hac vice)
Diana Gurfel (admitted pro hac vice)
Christopher R. Christensen (admitted pro hac vice)
Mary Dow (admitted pro hac vice)
William de Wolff (admitted pro hac vice)

**Condon & Forsyth LLP**
7 Times Square, 18th Floor
New York, New York 10036
Phone: (212) 490-9100
Facsimile: (212) 370-4453
Email: abattista@condonlaw.com
          dgurfel@condonlaw.com
          cchristensen@condonlaw.com
          mdow@condonlaw.com
          wdewolff@condonlaw.com

Mirin Park, WSBA No. 57983

**Condon & Forsyth LLP**
600 Stewart Street
Suites 300 & 400
Seattle, Washington 98101
Phone: (206) 338-4240
Facsimile: (206) 338-4240
Email: mpark@condonlaw.com

*Attorneys for Plaintiff*
*Polskie Linie Lotnicze LOT S.A.*

By: */s/ Michael S. Paisner*

Michael Paisner, Bar No. 48822
Harry H. Schneider, Jr., Bar No. 9404
Christopher M. Ledford, Bar No. 44515
Ulrike B. Connelly, Bar No. 42478
Michelle L. Maley, Bar No. 51318

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-30804
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: MPaisner@perkinscoie.com
          HSchneider@perkinscoie.com
          CLedford@perkinscoie.com
          UConnelly@perkinscoie.com
          MMaley@perkinscoie.com

*Attorneys for Defendant*
*The Boeing Company*

JOINT STATEMENT DISPUTED
INSTRUCTIONS - 55
(2:21-CV-01449-RSM)