UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POLSKIE LINIE LOTNICZE LOT S.A., | Case No. C21-1449RSM |
| Plaintiff, | ORDER GRANTING MOTION FOR LEAVE TO PERPETUATE TRIAL TESTIMONY |
| v. | |
| THE BOEING COMPANY, | |
| Defendant. | |

This matter comes before the Court on Boeing's Motion for Leave to Perpetuate Trial Testimony of Expert Witness Rigas Doganis by Video Deposition, Dkt. #245. Neither party requests oral argument.

Boeing states "[w]hile Professor Doganis was ready, willing, and able to present in-person testimony on the original trial schedule, he has a pre-paid family vacation scheduled for the current trial dates and will be unable to testify live." Dkt. #245 at 1. The trial was rescheduled not due to a request by either party but because of the Government shutdown last year. Boeing points out that LOT did not depose Professor Doganis during discovery and that once the trial was being rescheduled "proposed that Boeing take Professor Doganis'

ORDER GRANTING MOTION FOR LEAVE TO PERPETUATE TRIAL TESTIMONY - 1

perpetuation deposition and present video testimony to the jury instead of presenting live testimony." *Id*. at 4.

Plaintiff LOT opposes this Motion, arguing:

> Boeing's request should be denied because (1) a family vacation is not sufficient cause for trial unavailability; (2) the trial is expected to extend into March after Professor Doganis's vacation; and (3) Boeing was aware of the risk of having a foreign-based expert testify at trial and should have deposed Professor Doganis during expert discovery.

Dkt. #248 at 1.  LOT does not deny that the parties discussed a perpetuation deposition of this witness when trial was being rescheduled.

The district courts in the Ninth Circuit generally agree that there is no difference between a "discovery" deposition and a "trial" or "perpetuation" deposition: regardless of the use to which the testimony is ultimately put, depositions are subject to the limits imposed by the Federal Rules of Civil Procedure, including their time restrictions and the Court's Rule 16 case management order. *See, e.g., Waller v. Mann*, 2021 U.S. Dist. LEXIS 115393 at *2 (W.D. Wash. Jun. 21, 2021) (citing cases). Thus, Boeing must show not only that its expert witness is unavailable, justifying use of his deposition at trial, but also that the discovery deadline should be extended so that the deposition can be taken.

A case management schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard primarily considers the diligence of the party seeking the modification. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

There is no indication that, at the time discovery closed, Boeing had any reason to suspect that this scheduling issue could occur. A failure to predict the unpredictable does not

ORDER GRANTING MOTION FOR LEAVE TO PERPETUATE TRIAL TESTIMONY - 2

show a lack of diligence. The Court finds that there is good cause to extend the discovery deadline and turns to whether the requested depositions would be admissible at trial.

The Court finds that Professor Doganis will be unavailable for the vast majority of the trial due to a scheduled family vacation and that the video deposition of this witness would be admissible.  It is not reasonable to deny this Motion and ask Boeing to call this witness after his vacation based on an estimate that the trial may still be going on.  Given the record before it, the Court is convinced that this issue was considered by both parties in advance of the re-scheduling of trial and that Plaintiff LOT's opposition to this Motion is gamesmanship rather than based on a legitimate concern of enforcing the above rules or of prejudice at trial.  This case will involve the showing of several video depositions, one more cannot hurt.  The parties have enough time and resources to prepare for this deposition before trial.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Boeing's Motion, Dkt. #245, is GRANTED.  Boeing will be allowed to depose Professor Doganis in New York at a mutually agreeable date and time, with LOT being allowed an opportunity to cross-examine him. Boeing will be allowed to present portions of the video deposition to the jury at trial.

DATED this 21st day of January, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR LEAVE TO PERPETUATE TRIAL TESTIMONY - 3