UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

POLSKIE LINIE LOTNICZE LOT S.A.,

Plaintiff,

v.

THE BOEING COMPANY,

Defendant.

Case No. C21-1449RSM

ORDER GRANTING MOTION TO
QUASH THIRD PARTY SUBPOENA

This matter comes before the Court on Boeing's Motion to Quash Subpoena Duces Tecum, Dkt. #252. Plaintiff LOT has served a third-party subpoena duces tecum on plaintiffs' counsel in another action involving Boeing, *In re The Boeing Company Aircraft Securities Litigation, Case,* No. 1:19-cv-02394 (N.D. Ill.), seeking ten deposition transcripts and videos. *Id*. Boeing argues that this subpoena seeks untimely discovery. LOT argues it will use these videos for "trial preparation and potential impeachment." Dkt. #256 at 1. Neither party requests oral argument.

The Court has broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16. *See Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). The party objecting to a subpoena served on a non-party must move to quash and ordinarily bears the burden of persuasion. *D.T. by & through K.T. v. NECA/IBEW Fam. Med. Care Plan*, No. 2:17-cv-00004, 2019 WL 6213154, at *1 (W.D. Wash. Nov. 21, 2019).

However, "[a] subpoena pursuant to Federal Rule of Civil Procedure 45 . . . is not exempt from discovery deadlines in scheduling orders." *InfoDeli, LLC v. Amazon Web Servs.,*

ORDER GRANTING MOTION TO QUASH THIRD PARTY SUBPOENA - 1

*Inc.*, No. 17-cv-0281, 2017 U.S. Dist. LEXIS 61227, 2017 WL 1426187, at *2 (W.D. Wash. Apr. 21, 2017) (quoting *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.D.C. 2005)).  A case management schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard primarily considers the diligence of the party seeking the modification. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Accordingly, the party seeking to enforce a third-party subpoena after the discovery cutoff bears the burden of showing good cause when that request effectively seeks to reopen discovery.  *See Nahum v. Boeing Co.*, No. 2:19-cv-1114, 2020 WL 6261801, at *1–2 (W.D. Wash. Oct. 23, 2020).

Boeing summarizing the situation as follows:

> In March 2025, the parties stipulated to—and the Court approved—a case schedule that set the close of discovery for May 1, 2025. Dkt. #94. But LOT did not serve its subpoena until eight months later. *See* Decl. Ex. 1. Where discovery has been closed this long and the parties are "barely a month" away from trial, there can be no question that LOT's attempt to seek further discovery is untimely and "therefore improper." *Yousif v. McLaren Auto., Inc.*, No. 23-cv-00761, 2025 WL 1150720, at *1 (S.D. Cal. Apr. 18, 2025). That is especially true here, where LOT did not serve its subpoena until months after the original trial date in November 2025—thus underscoring its lack of diligence in pursuing these deposition transcripts.

Dkt. #252 at 6.  Boeing also points to prejudice in having to "consider thousands of additional pages of deposition transcripts in its trial planning—from mostly different witnesses, in a different case concerning different claims… at this late hour." *Id*. at 7.

In Response, LOT contends that it seeks these materials "solely for trial preparation and potential impeachment, not as new evidence on the merits."  Dkt. #256 at 1–2.  However, two sentences later, LOT writes "LOT has affirmatively committed that it will not use the MAX

ORDER GRANTING MOTION TO QUASH THIRD PARTY SUBPOENA - 2

Securities deposition transcripts as substantive evidence in its case-in-chief absent prior leave of Court, and that any use will be limited to impeachment, rebuttal, or trial-preparation purposes." *Id.* at 2. LOT does not directly address its diligence, but says that these depositions took place after the close of discovery in this case. LOT indicates that only four of the ten deponents are trial witnesses in this case. *Id.* at 5.

On Reply, Boeing jumps on LOT's words "absent prior leave of Court" and "rebuttal," above, to argue that LOT is leaving the door open to using these materials in ways that would further prejudice Boeing at this late stage. *See* Dkt. #266 at 2. Boeing points out that none of the witnesses at issue will be testifying live, and will instead be testifying by video deposition, making impeachment difficult. *See id.* at 5–6.

Given all of the above, the Court finds that LOT has failed to demonstrate good cause for further discovery in this case, including this subpoena. Boeing has adequately demonstrated that it would be prejudiced by LOT's use of these materials for all purposes other than impeachment of a live witness. Considering LOT's mixed messaging on how it will use these materials, and the nature of how witnesses will be presented in this case next month, this further weighs in favor of Boeing's Motion. Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Boeing's Motion to Quash, Dkt. #252, is GRANTED. LOT's related Motion to Permit Compliance with Rule 45 Subpoena, Dkt. #250, is DENIED for the same reasons stated above.

DATED this 29th day of January, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO QUASH THIRD PARTY SUBPOENA - 3