UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POLSKIE LINIE LOTNICZE LOT S.A., <br><br> Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, <br><br> Defendant. | Case No. C21-1449-RSM <br><br> ORDER GRANTING DEFENDANT'S EMERGENCY MOTION TO EXCLUDE LOT'S UNTIMELY EXPERT REPORT |

This matter comes before the Court on Defendant Boeing's Emergency Motion to Exclude Plaintiff LOT's Untimely Expert Report, Dkt. #276. LOT opposes. Dkt. #278.

Trial in this case is set for February 17, 2026. Dkt. #244. The deadline for expert witness disclosure was September 28, 2024. Dkt. #92. LOT submitted an expert report from Samuel Engel that same day, with Boeing's rebuttal reports and deposition of Mr. Engel following soon after. Dkt. #277 at ¶¶ 4-6. Mr. Engel then produced updated reports on April 28, 2025, and May 28, 2025. *Id*. Boeing moved to exclude Mr. Engel's May 28 report, Dkt. #139, which this Court denied on October 15, 2025. Dkt. #223.

On February 5, 2026, LOT served on Boeing a third amended report from Mr. Engel with a new estimation of $203.6 million (up from $195.2 million) in damages from increased "elevated operational costs . . . that LOT incurred for the two replacement aircraft still under lease agreements for the remainder of 2025" and "purported pre-judgment interest." Dkt. #276 at 2-3, 5. LOT contends that "Mr. Engel received [this] new data" on February 3, 2026, and "produced

a revised report updating his damages calculations" two days later, which LOT then provided to Boeing "the same day." Dkt. #279 at ¶¶ 5-6. Boeing argues that this late disclosure is clearly untimely, neither justified nor harmless, and is "precisely the type of ambush just before trial . . . and sandbagging . . . that courts prohibit." Dkt. #276 at 5 (quotations excluded). LOT contends that, as a testifying expert, it was Mr. Engel's duty under Fed. R. Civ. P. 26(e) to update his damages report, and "there is no risk of harm or prejudice to Boeing" because Boeing's "experts disagree with the entire 'category' of elevated operation cost damages" identified. Dkt. #278 at 1-2.

An untimely expert report must be excluded "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). "The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless." *Id*. To make this determination, courts consider "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). "The burden to prove harmlessness is on the party seeking to avoid Rule 37's exclusionary sanction." *Goodman*, 644 F.3d at 827. "[E]ven absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements[.]" *Yeti By Molly Ltd. v. Decker Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

LOT argues that this untimely disclosure is required by Rule 26(e). Dkt. #284 at 1-2; see Fed. R. P. 26(e)(2) (providing that parties have a "duty to supplement . . . additions or changes" to expert reports "by the time the party's pretrial disclosures under Rule 26(a)(3) are due"). "But

Rule 26(e) creates a 'duty to supplement,' not a right. Nor does Rule 26(e) create a loophole through which a party . . . who wishes to revise [its] disclosures . . . can add to them to [its] advantage after court's deadline for doing so has passed." *Luke v. Fam. Care & Urgent Med. Clinics*, 323 F. App'x 497, 500 (9th Cir. 2009). Furthermore, LOT provides no explanation as to why it could not provide Mr. Engel with LOT's own operational costs before February 3, 2026. LOT's untimely disclosure is clearly unjustified.

LOT instead argues that "there is no risk of harm or prejudice to Boeing" because "Engel's February 5 report does not contain any changes to his opinions or conclusions that would require Boeing to alter its defenses[,]" as "Boeing's own experts object to this entire category of damage regardless of the number." Dkt. #278 at 2, 5. But it appears that Boeing, along with Mr. Engel, did not receive this new information until days before trial. This late of a disclosure—less than two weeks before trial—is exactly the type of surprise Rule 37 encompasses. The Court concludes that LOT's failure to timely disclose was not substantially justified or harmless, and the appropriate sanction here is exclusion.

Given all of the above, and having reviewed the relevant briefing and remainder of the record, the Court hereby finds and ORDERS that Boeing's Emergency Motion to Exclude LOT's Untimely Expert Report, Dkt. #276, is GRANTED.

DATED this 12th day of February, 2026.

Ricardo S. Martinez
United States District Judge