UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| POLSKIE LINIE LOTNICZE LOT S.A., | Case No. C21-1449RSM |
| Plaintiff, | ORDER ON MOTION FOR CLARIFICATION |
| v. | |
| THE BOEING COMPANY, | |
| Defendant. | |

This matter comes before the Court on Boeing's "Motion for Clarification and Pretrial Hearing," Dkt. #311.  Trial is set to begin in five days—May 11, 2026.  Boeing filed this on May 5 with a noting date of May 11, requesting "that the Court consider and rule on this Motion on or before the first day of trial, given that the request made herein is for a hearing before trial begins."  *Id*. at 1 n.1.  Boeing also notified the Court via email that Plaintiff LOT opposes this Motion.

The Court finds that this Motion is outside the bounds of normal procedure, for at least three reasons.  First, the Motion is noted for consideration on an expedited schedule without citation to a valid local rule or Court order.  Instead, Boeing asks the Court to issue an order permitting an expedited Motion at the same time it rules on that Motion.  *See id*. (citing LCR

ORDER ON MOTION FOR CLARIFICATION
- 1

7(d) (permitting the Court to consider motions at a time "provided by … Court order").  Given that trial is set to begin in five days, this is essentially an opposed emergency motion without a basis in the rules; a *stipulated* motion could have been noted for same day consideration, *see* LCR 7(d)(1).  Second, the Motion explicitly seeks relief duplicative of Boeing's pending Motion for Ruling on the Record, Dkt. #280.  *See, e.g., id*. at 1 (". Several issues remain unresolved in Boeing's Motion for Ruling on the Record (Dkt. #280)").  In that Motion, Boeing "respectfully requests that the Court consider Boeing's objections to LOT's deposition designations on the first day of trial and enter its rulings on those objections on the record." Dkt. #280 at 2.  Third, the Motion cites to the Court's May 1, 2026, email to try and obtain favorable pretrial rulings while at the same time ignoring this part: "[t]he Court will not be issuing any further orders based on this hearing and the parties are to rely on the transcript for expectations as to further evidentiary rulings at trial."  Dkt. #311-2.  As the docket shows, the Court has already ruled on numerous discovery motions, motions in limine, *Daubert* motions, a request for clarification on deposition designations, a last-minute motion to perpetuate testimony, a motion to quash third-party subpoenas on the eve of trial, and issued rulings at its standard pretrial conference and a separate in-person hearing on all pretrial issues, and sent this case to mediation before another judge.  Boeing's Motion incorrectly assumes that the Court's (and opposing counsel's) time is limitless.

Given all of the above, the Court will deny this Motion.  To clarify, all remaining issues will be dealt with at trial, either before bringing in the jury or via objections as evidence is presented.  Any issues with final jury instructions can be taken up outside the presence of the jury.  The Court will read Ninth Circuit Model Civil Jury Instruction No 4.2, "Liability of Corporations—Score of Authority Not in Issue" verbatim in preliminary jury instructions but

ORDER ON MOTION FOR CLARIFICATION
 - 2

may modify it for final jury instructions, or add a new instruction, to take into consideration LOT's concerns about speaking agents, depending on how the evidence shakes out at trial and after hearing argument from counsel outside the presence of the jury.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Boeing's Motion for Clarification and Pretrial Hearing, Dkt. #311, is DENIED as stated above.

DATED this 6th day of May, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR CLARIFICATION
- 3